### SAME v. SAME.

Practice on appeal in divorce cases. Upon affirming a decree of divorce objection being made to the amount of permanent alimony, and the testimony being indefinite as to the amount of the income of the defendant, a reference was ordered to take additional testimony upon that point and report to the court.

APPEAL by defendant from a decree of the district court. of Hamilton county, POST, J., presiding.

*Agee & Hellings*, for appellant.

*J. S. Miller*, for appellee.

MAXWELL, CH. J.

This is an action by the wife against the husband for a divorce upon the ground of cruelty. A decree in favor of the plaintiff was granted in the court below, from which the defendant appeals to this court.

It appears from the record that the parties were married in Indiana in 1846, and lived together as husband and wife until Nov., 1878, and have raised a large family. The parties came to this state in 1871, and seem to have been very poor, and the defendant appears to have provided for his wife and family as well as his circumstances would permit. But it is clear from the record that he was in the habit of using coarse and abusive language towards his wife, while she seems to have replied somewhat in the same manner. But words, no matter how violent or ill advised, afford no justification to a husband to inflict blows upon his wife. The charge of cruelty by striking his wife on two occasions, at least, seems to be fully sustained and the decree granting a divorce must be affirmed.

The court decreed alimony to the plaintiff as follows: $50.00 to be paid May 1st, 1881, $50.00 on the 1st day of August, 1881, $75.00 on the 1st day of November, 1881, and $175.00 on the 1st day of January of each year

thereafter, and decreed that such alimony should be a lien upon the s. w. one-fourth of sec. 30, t. 11, r. 5, for the payment of the same. The testimony shows this land to be worth from $1,200.00 to $1,500.00 and the personal property about $400.00. A large portion of the personal property has already been disposed of to raise means to pay temporary alimony and the expenses of the action. The testimony is not clear as to the amount produced on the above land, but the alimony allowed appears to be excessive and greater than the defendant is able to pay.

The case is referred to W. L. Stark, to take additional testimony as to the amount of land in cultivation, and the amount and kind of products of said land and the value of the same for each of the years 1878, 1879 and 1880, and report the same to this court within sixty days.

DECREE ACCORDINGLY.