ANTONIA VOCACEK, PLAINTIFF IN ERROR, v. FRANK VOCACEK, DEFENDANT IN ERROR.

**Divorce:** EVIDENCE. The testimony in the case examined and found sufficient to entitle the plaintiff to a decree of divorce.

ERROR to the district court for Saline county. Heard below before MORRIS, J., on confirmation of report of referee.

*E. S. Abbott,* for plaintiff in error.

No appearance for defendant in error.

REESE, J.

This is an action for divorce and alimony. The ground upon which relief is sought is extreme cruelty. Upon a hearing by a referee in the district court there was a general finding in favor of the defendant, the divorce was refused, and judgment rendered against the plaintiff, and she brings the same into this court for review.

But one question is presented for consideration, and that

is whether or not the plaintiff is, upon the evidence, entitled to the relief prayed for. A majority of the court are of the opinion that she is. To the writer the evidence is not of that satisfactory and convincing character which would justify him in reversing the decision of the referee, under ordinary circumstances. But, under the peculiar circumstances of this case, the judgment ought, perhaps, to be reversed and the divorce granted. We are the more willing to review the facts and decision of the referee since he saw none of the witnesses and heard none of the testimony. The cause was tried to the court, who took it under advisement for a time. Pending the decision, it became apparent to the judge that he ought not to decide the case, and it was referred to a member of the bar, with instructions to decide the case upon a transcript of the evidence submitted to the court. Upon an examination of the transcript the cause was decided, the result being as above indicated.

The evidence shows that the plaintiff, immediately after the alleged beating, was bruised upon her person and that she showed unmistakable evidence of having been roughly handled and severely beaten. She testified that the injuries were inflicted by the defendant with a cane. That he accused her of having poisoned him by mixing some poisonous substance with his coffee, and he threatened to whip her still more. These injuries were testified to by others who saw them. The defendant admits striking her with a stick at the time alleged, but says he did so in self-defense, that while he was lying in bed, sick from the poison she had given him in his coffee, she came to his bed and he accused her of it, and she struck him with a coffee pot. That he told her that if she did it again he would hit her with a stick he had "to chase cats out." He says in his evidence he hit her, but fails to state whether or not he waited for her to make a second attack. Perhaps not, as, in his cross-examination he testified that he struck her

"about her striking him with the coffee-pot and poisoning him too."

From the testimony of the defendant it is clear that he is firmly of the opinion, and unalterably fixed in the belief that the plaintiff did poison him. In his cross-examination upon that point he testifies as follows:

Q. She went to giving you poison in your coffee, didn't she?

A. I didn't see her.

Q. How long was she giving you poison? How many days?

A. She gave it the last time, and a good deal of it.

Q. How many times did she give you poison?

A. I could not tell.

Q. When did she commence, and up to what time, for one week or two weeks?

A. About eight weeks before she left me.

Q. Did she keep giving you poison up to the time that she left?

A. Yes, sir.

Q. She gave you a double dose the last time, did she?

A. Yes, sir. I know truly that I got it from her.

The testimony further shows that he often accused the plaintiff of seeking to take his life and of administering poison to him for that purpose. This belief on his part, coupled with a disposition to punish her for these supposed intentions, and the further fact that, in the instance referred to, he did inflict serious blows upon her person, would naturally lead the plaintiff to fear to return to him. And in case she did return it is evident that her life would be in danger, or at the very least she would be compelled to submit to indignities and beatings which would almost, if not quite, make life a burden. With the exception of the charges and surmisings of the defendant, there is absolutely no proof of any attempt or design on the part of the plaintiff against the life of the defendant. It is evi-

dent the charges of poisoning are the creatures of the imagination solely. If this be true, it must be admitted that the invitations of the defendant to the plaintiff to return home were not entirely without a mental reservation, and were doubtless accompanied with the hope that the invitation would not be accepted. But aside from what might be reasonably expected to be the result of an acceptance of his offer to share his home with the plaintiff, it is sufficiently shown that the defendant has assaulted and beaten the plaintiff, and under the rule laid down in *Brotherton v. Brotherton*, 12 Neb., 75, she is entitled to a divorce.

Application was also made to the district court for an allowance of alimony. The proof upon the question of the ability of the defendant to pay alimony was very unsatisfactory, and from that testimony it is impossible to say what sum would be a reasonable and fair amount, and as much cost and expense may thereby be saved to the parties the order of this court will be that the case be referred for the purpose of taking testimony and reporting to this court the amount and value of defendant's property, and the extent of his indebtedness, within sixty days from this date, and that the cause be retained by this court for final adjustment.

The plaintiff in her petition claims the custody of the infant child Joseph Vocacek. The testimony shows the child to be of tender years, and it is evident that his interests will, for the present at least, be best subserved by being in the custody of the plaintiff.

The decree of the district court is reversed, and the plaintiff is granted a decree of divorce and the care and custody of the infant child Joseph Vocacek. The question of alimony to be decided upon the filing of the report of the referee.

JUDGMENT ACCORDINGLY.

THE other judges concur.