MARY A. BROTHERTON, APPELLEE, VS. NOAH BROTHERTON, APPELLANT.

1. **Referee.** A referee appointed simply to take testimony in a case, and report it to the court, has no right to decide upon the admissibility of the evidence offered.

2. **Alimony.** A decree for alimony making it a lien upon the defendant's real estate, *Held*, So far erroneous, and reversed.

REHEARING and further consideration of case reported 12 Neb., 75.

*A. W. Agee,* for appellant.

*J. S. Miller,* for appellee.

LAKE, CH. J.

This cause is before us now on the question of alimony, which was reserved in our decision affirming the decree of divorce, and a reference ordered to take further evidence upon it. *Brotherton v. Brotherton,* 12 Neb., 75.

Brotherton v. Brotherton.

A motion for a rehearing of the case upon the question of divorce has also been made. After a careful examination of the points urged upon our attention, we see no reason for changing our conclusion heretofore announced upon this branch of the case, and the motion is denied.

Exception is taken to the action of the referee who was appointed to take testimony upon certain questions relating to the allowance of alimony, in ruling upon the admissibility of testimony offered before him, and in receiving or rejecting it, as he thought proper. The position taken by appellant's counsel is doubtless correct. Under such an order of reference as this was, merely to take testimony and report it to the court, a referee has no authority to decide questions of this sort. His powers in this respect are unlike those of a referee under the statute, appointed to take testimony and hear and determine a case upon its merits. He is simply to take down faithfully all of the evidence offered, noting in the proper order such objections to its admissibility as are urged, leaving the decision of questions thus raised to the court, if finally insisted upon. The powers of such a referee as this one was are simply those of an officer taking depositions under a notice, and he cannot say whether any particular item of evidence shall be received or not.

But, notwithstanding these unwarrantable rulings of the referee, we find no serious error attending them, nor any reason for a further delay in order to obtain the excluded testimony, inasmuch as it could not aid us in the matter in hand. From the additional light thrown upon the question of alimony by the testimony now before us, we are fully confirmed in the belief which prompted the reference to obtain it, that the alimony allowed by the district judge is, " excessive, and greater than the defendant is able to pay." That portion of the decree too respecting alimony, which made it a lien upon the real estate of the defendant, is erroneous. *Swansen v. Swansen*, 12 Neb., 210.

Our conclusion is therefore, that the allowance of alimony must be reduced to the sum of seventy-five dollars per annum from the date of the decree, viz.: February 3d, 1881, payable as follows: One hundred dollars on the first day of June, 1883. One hundred dollars on the first day of October, 1883, and thirty-seven dollars and fifty cents on the first days of April and October annually thereafter, and costs. That portion of the decree of the district court relating to alimony is reversed, and the cause is remanded with directions to enter one conforming to this opinion.

JUDGMENT ACCORDINGLY.