GEORGE H. HILTON, JAMES F. HILTON, AND JOSEPH B. HILTON, APPELLANTS, V. KATHRINA, HENRY, AMELIA, SOPHIA, AND WILHELMINA BACHMAN, HEIRS AT LAW OF JOHN BACHMAN, DECEASED, AND J. J. IMHOFF, JOHN AND AUGUSTA HILTON, AND JOHN HILTON, TRUSTEE, APPELLEES.

1. **Pleading.** Title 7 of the civil code names and defines the pleadings required in a civil action. In all cases the pleadings in such action should be made to conform to the provisions of said title.

2. **Practice in Supreme Court.** Only such portion should be included in a transcript brought to this court as is necessary to a correct understanding of the case. *Galley v. Galley*, 13 Neb., 200.

3. **Jurisdiction.** A party to a proceeding in the district court, where such court has jurisdiction over the parties and subject-matter of the action, will be bound by the judgment in such cases when collaterally attacking it, even though that jurisdiction was irregularly or erroneously executed.

4. ———: PRESUMPTIONS. All presumptions are in favor of the regularity of the proceedings of courts of record when collaterally assailed, and where a decree contains the finding of a fact specially, which is pleaded in the petition, it must be presumed that sufficient evidence was submitted to the court to justify such finding.

APPEAL from the district court of Lancaster county. Heard below before HAYWARD, J.

*George H. Hilton, pro se,* cited : Perry on Trusts, Secs. 274–288, and cases cited. Wade Notice, Sec. 17. *Willes v. Chandler,* 1 McCrary, 276. *Williamson v. Berry,* 8. How., 495.

*John S. Gregory* and *J. R. Webster,* for appellants, cited : *Drane v. Gunter,* 19 Ala., 731. *Shepherd v. McEvers,* 4 John. Ch., 136. *Cruger v. Halliday,* 11 Paige,

314. *Wilson v. Towle,* 36 N. H., 129. 1 Perry Trusts, 3d Ed., Sec. 268 and note 2. Id., Sec. 285–7. *Singleton v. Scott,* 11 Iowa, 589, 597. *Gray v. Brignardello,* 1 Wall., 627. *Shriver v. Lynn,* 2 How., 43. Rorer Judicial Sales, Sec. 56. *Rogers v. Dill,* 6 Hill, 415. *In re Price,* 67 N. Y., 233. *In re Ellison,* 5 Johns. Ch., 261.

*Harwood, Ames & Kelly,* and *Mason & Whedon,* for appellees, cited: *Mills v. Paynter,* 1 Neb., 444. *Miller v. Finn,* 1 Neb., 289. *State v. Buffalo County,* 6 Neb., 461. *Jennings v. Simpson,* 12 Neb., 565. *McGavock v. Pollack,* 13 Neb., 537. *Bryant v. Estabrook,* 16 Neb., 220. *Gould v. Loughran,* 19 Neb., 392. *McCormick v. Paddock,* 20 Neb., 489. Wash. Real Prop., 3d Ed., 478 and notes. *Jackson v. Delaney,* 13 Johns., N. Y., 537. Freeman on Judgments, 151. *Joyce v. McAvoy,* 31 Cal., 274. *Benson v. Cilley,* 8 O. S., 604. Tyler Infancy and Coverture, 52, 172, 289 *et seq.*

REESE, CH. J.

This action was instituted in the district court for the purpose of setting aside certain conveyances to real estate, and to remove from his trusteeship one John Hilton, of the state of Iowa, and the appointment of another in his stead.

The record in the case is voluminous, and from the transcript of the proceedings it is very difficult to understand the exact condition of the case. The amended petition filed in the district court is denominated an "Amended Bill in Equity," in writing which the pleader has followed the common law form of pleading, styling the plaintiffs orators and indulging in the usual circumlocution of a common law pleading. The district court would have been justified, upon its attention being called to the fact, upon a refusal of plaintiff to reform his petition, in striking the paper from the files and requiring a petition

to be filed which would have conformed to the provisions of the code.

The transcript contains a motion filed in the district court by defendants, by which the district court was asked to strike out a considerable portion of the amended petition. This motion is quite lengthy, containing ten counts or numbered paragraphs, in which the parts of the petition objected to are quoted at some length. The transcript shows that the motion was submitted to the court and sustained "as to the 3d, 5th, 6th, and 10th paragraphs of said amended petition." The petition is not numbered by paragraphs, and it is impossible for us to know whether the parts stricken out are now copied into the transcript of the petition or not. We must presume that they are, for if they were omitted there could be no necessity for the copy of the motion which is in the record. But what particular paragraphs are referred to is beyond the power of any one to say from this record.

These observations are not made for the purpose of criticising the action of counsel in the preparation of the record, but for the purpose of again calling attention to the very important rule of practice which requires a record to contain nothing but what is essential to a full understanding of the case. The summons and return thereon, the *alias* summons and return thereto, the demurrers and motions, with the rulings of the court thereon, should all have been omitted from the record in this court, no question being presented which required them to be included in the transcript.

It appears that on the 26th day of October, 1861, the plaintiff, George H. Hilton, executed and delivered to his brother, John Hilton, a deed to a large tract or body of land situated in Lancaster county, in trust and for the benefit of George L. Hilton, James F. Hilton, and Joseph B. Hilton, in equal portions; that at that time James F. and Joseph B. were infants; that on the 16th day of Sep-

tember, 1863, John Hilton—the trustee—conveyed the land to Alice B. Hilton, who was the daughter of George H. Hilton, and a sister of the *cestui que trusts* named in the deed to John. This deed, while not in form a trust deed, was evidently intended as and for a transfer of the trust from John to Alice. The deed was as follows:

"Know all men by these presents, that John Hilton and Margaret Hilton, his wife, the John Hilton as trustee, as hereinafter stated, of Madison county, state of Iowa, in consideration of the sum of one thousand dollars in hand paid, do hereby sell and convey unto Alice B. Hilton, of Hamilton county, and state of Ohio, the following described premises to-wit:" (We omit the description of the land) "and being the same premises conveyed by George H. Hilton to said John Hilton in trust, etc., by deed dated 26th October, 1861, and we do hereby covenant to warrant and defend the said premises against the lawful claims of ourselves, and the said Margaret Hilton hereby relinquishes all her right of dower in and to the above described premises, the said John Hilton herein named conveys as trustee of George L., Joseph B., and James F. Hilton."

This conveyance was evidently made for the purpose of retaining the title to the real estate within the family of George H. Hilton, the original grantor, and under the supposed authority to do so, conferred by the deed from George H. to John. That deed was, in part, as follows:

"Know all men by these presents, that George H. Hilton, of Hamilton county, Ohio, in consideration of one dollar and natural love, etc., to him paid by John Hilton, of Madison county, Iowa, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell, and convey to the said John Hilton, his heirs and assigns forever, in trust for the benefit of my sons, George L., James F., and Joseph B. Hilton, in equal portions. Said trustee having authority to sell and convey all or any portion at any time

or in any way at his discretion, for their benefit, the following described real estate, to-wit," etc.

On the 22d day of November, 1865, Alice B. Hilton conveyed the premises to Augusta Hilton (a sister), and in which the land is referred to as "being the same premises conveyed to the said Alice B. Hilton by John Hilton, trustee for George L., James F., and Joseph B. Hilton, by deed dated 16th September, 1863," etc.   This deed was made just prior to the marriage of Alice to Mr. Ducharme, by the consent of George H. Hilton, the plaintiff, and for the purpose of preventing Ducharme from acquiring any interest in the property by reason of the title being held by his wife.

On the 25th day of August, 1871, Augusta Hilton executed and delivered to George L. Hilton, one of the *cestui que trusts*, a deed to the undivided two-thirds of the real estate in trust for the benefit of her two brothers, James F. Hilton and Joseph B. Hilton, in equal portions.

On the 16th day of September, 1872, George L. Hilton, as trustee for his two brothers, James F. and Joseph B., executed and delivered to Smith B. Galey a deed for the said undivided two-thirds interest in the real estate in dispute, together with a number of other tracts or parcels, the consideration named in the deed being $8,000.   Soon thereafter an action was instituted in the district court by James F. Hilton and Joseph B. Hilton, as infants, by William W. Dunham, their next friend, against John Hilton, Alice Ducharme, and Alfred Ducharme, her husband, Augusta Hilton, Geo. L. Hilton, Smith B. Galey, and Estella O. Galey, his wife, the purpose of which was to set aside the deeds from John Hilton to Alice B. Hilton, and from Alice B. to Augusta, and from Augusta to George L., and from George L. to Galey ; the title to be declared in John Hilton as trustee, according to the terms of the first deed ; or, that it be declared to be in George L. Hilton as trustee, instead of John ; or, that the court appoint some person as such trustee to take

Hilton v. Bachman.

charge of the land and sell the same in such manner as the court might direct. To the petition in that case Galey filed his answer, which we need not notice. George H. Hilton, plaintiff in this case, was one of the attorneys for the plaintiffs in that case. On the 17th day of September, a stipulation was entered into, by which it was agreed that, at the next term of court, a decree should be entered by consent that Galey should, within a time to be named by the court, convey the real estate to William C. Lincoln, to be held by him under the same trust John Hilton had held, and with the same power of disposition as was expressed in the deed from George H. to John.

At the next session of the district court this stipulation, signed by George L. Hilton, W. W. Dunham, Smith B. Galey, and Walter J. Lamb, E. E. Brown and George H. Hilton as attorneys for the plaintiffs, was submitted to the court, and the cause was dismissed in accordance with the terms of the stipulation.

On the 13th of December, 1873, William C. Lincoln filed his petition in the district court, in which it was alleged that he held the real estate in trust for James F. and Joseph B. Hilton, infants, to the extent of an undivided two-thirds interest therein; that their father, George H. Hilton, was unable to maintain them, and that their maintenance had devolved upon him, and that he had been required to pay out of his own means the sum of $4,800 in defending, settling, and compromising various suits in which the title to the property was involved, and that in addition thereto the sum of $800 taxes on the real estate would become due on the first day of January, 1874, to which was added the taxes for the year 1871 $761.98, and for 1872 $962.53, making a total of $7,065.51, two-thirds of which, to-wit, $4,710.34, should be paid by the infants, they being the owners of the undivided two-thirds of the real estate.

In addition to this, the petition contained an exhibit of

the moneys paid for the support, education, and mainte-
nance of the infants, amounting to $5,408.34.

It was also alleged that the land was unproductive and
yielded no income, and that George H. Hilton, the father,
George L. Hilton, the only brother, Alice B. Ducharme,
Augusta Hilton, and Nora Lincoln, their only sisters, and
W. W. Dunham, the guardian *ad litem* of said infants, had
all joined in a petition asking the said plaintiff to accept
the trust of their property, provide for their wants, and
defend their rights, with power to sell or mortgage the
whole or any part of said [property as to him might seem
best and their necessities require.

The different conveyances above named, running from
George H. through John, Alice, Augusta, George L. Hil-
ton, and Smith B. Galey, and to said plaintiff in trust for
said infants, were alleged, and a decree was asked that the
title to plaintiff be confirmed, and that he be declared to be
the owner in fee of the remaining third of the real estate.
An order was asked that he be directed to sell one-half
the land described in the petition, consisting of $1,904\frac{92}{100}$
acres, or that in case such sale could not be made; that
he be permitted to mortgage the part designated, and out
of the moneys received reimburse himself and pay the
debts.

It was also asked that a decree be entered declaring and
stating the equitable as well as the legal title of the land
to be in the plaintiff, as trustee for the infants named.

Attached to the petition as an exhibit was a paper, which
we here copy in full.

"To the Hon. Geo. B. Lake, judge of the district court
of the 2d judicial district, held in and for Lancaster county,
state of Nebraska:

"Your petitioners, Geo. H. Hilton, Geo. L. Hilton,
James F. Hilton, Joseph B. Hilton, Augusta Hilton,
Alice Ducharme, and Nora Lincoln, respectfully represent
that they are the surviving members of the family of Geo.

H. Hilton, and the only persons except the proposed trustee who has any interest in this application.

"That Geo. H. Hilton is the father, and original donor of said property; that Geo. L. is his son and of age; that James F., one of the beneficiaries is 18 years of age, and that Joseph B. is the other and is 14 years of age; and that Augusta, Alice Ducharme, and Nora Lincoln are the daughters of said Geo. H. Hilton and sisters of James F. and Joseph B.

"That your petitioners unite in representing and showing to your honor that William C. Lincoln, com. mch., and of the city of Chicago and state of Illinois, but who expects soon to become a resident of Lancaster county, Nebraska, is a person in whose integrity, fidelity, and financial ability they all have full confidence and trust; that he is the husband of Nora, daughter of said Geo. H. and sister of said beneficiaries.

"And your petitioners all unite in praying your honor to appoint said William C. Lincoln trustee for the said James F. Hilton and Joseph B. Hilton, with all the rights, powers, privileges, and duties pertaining thereto as stated and expressed in the original trust from Geo. H. Hilton to John Hilton, as fully appears by reference to the deed from said Geo. H. Hilton to John Hilton, dated 26th October, 1861, recorded in the record of deeds of Lancaster county, Nebraska, in book "A," pages 252, 253, and 254, with power to mortgage the said premises and without other conditions or restrictions than are contained in the original trust.

"And your petitioners will ever pray, etc.

"G. H. Hilton, George L. Hilton, Joseph B. Hilton, James F. Hilton, Wm. C. Lincoln, Alice Ducharme, Augusta Hilton, Nora Lincoln, W. W. Dunham, as next friend of Jas. F. and Jos. B. Hilton,

" *Petitioners.*

32

" STATE OF NEBRASKA, ⎱ ss.
    LANCASTER COUNTY. ⎰

" William C. Lincoln, being first duly sworn, on oath says, he is one of the petitioners whose name is subscribed to the foregoing petition, and that he knows and is well acquainted with the signatures of all the persons signing the same, and that all the same are in the genuine handwriting of the respective persons purporting to sign the same, and that the matters therein stated are true.

                                " WM. C. LINCOLN.

" Subscribed in my presence and sworn to before me this 18th day of September, 1873.   .

                                " C. J. GREEN, J. P."

It was also admitted of record in the trial of this case that the signatures attached to the exhibit above copied were the genuine signatures of the parties.

A summons was issued and personal service thereof had upon James F. Hilton, Joseph B. Hilton, George L. Hilton, and Nora M. Lincoln. Seth Robinson, an attorney of the court, appeared for George H. Hilton, Alice B. Ducharme, Augusta Hilton, and Nora M. Lincoln, and disclaimed " all right, title, or interest in the lands described in the petition, and each and every part thereof." He was also appointed guardian *ad litem* for the infant defendants, and filed an answer denying each and every allegation of the petition. ·

A hearing was then had before the district court, which resulted in the following finding and order :

" And now come the said parties by their attorneys, and all of the defendants except the infants having filed a disclaimer of all interest in the subject-matter of the action, and the infants, by Seth Robinson, Esq., their guardian *ad litem*, having answered, this cause came on to be heard on the petition and answer of said infants, and the court, after hearing the evidence offered and the arguments of the counsel, do find that the plaintiff holds a legal title to

an undivided two-thirds of the following described lands, to-wit :

| DESCRIPTION. | SEC. | TOWNP. | RANGE | ACRES. |
|---|---|---|---|---|
| s½ of nw¼ | 14 | 10 | 6 | 80 |
| se¼ of ne¼ | 15 | 10 | 6 | 40 |
| sw¼ except 40 acres s'd | 2 | 9 | 6 | 120 |
| se¼ " 2 " | 2 | 9 | 6 | 140 · |
| sw¼ and se¼ | 11 | 9 | 6 | 320 |
| w½ of ne¼ | 11 | 9 | 6 | 80 |
| sw¼ of nw¼ | 14 | 9 | 6 | 40 |
| nw¼ of sw¼ | 14 | 9 | 6 | 40 |
| ne¼ of se¼ | 15 | 9 | 6 | 40 |
| ne¼ | 6 | 8 | 7 | $164\frac{29}{100}$ |
| e½ of nw¼ and ne of sw¼ | 6 | 8 | 7 | $122\frac{63}{100}$ |
| nw¼ | 18 | 8 | 7 | $153\frac{60}{100}$ |
| se¼ nw¼, e½ of sw¼ | 19 | 8 | 7 | 160 |
| sw¼ of se¼ w½ ne¼ se¼ ne¼ | 29 | 8 | 7 | 120 |
| w½ of se¼ and sw¼ of ne¼ | 30 | 8 | 7 | 120 |
| nw¼ of nw¼ | 3 | 7 | 7 | |
| ne¼ of ne¼ | 4 | 7 | 7 | $164\frac{40}{100}$ |
| se¼ of se¼ | 33 | 8 | 7 | |
| sw¼ of sw¼ | 34 | 8 | 7 | |

$1904\frac{92}{100}$

In trust for the infants above named, and that he is the owner in fee of the other undivided one-third of the same; that the infants have no other property except their necessary wearing apparel, and that no revenue whatever is derived from the real estate above described; that the father of said infants is a man of but small means, and is unable to provide for their support, education, and maintenance; that the plaintiff has already paid out for necessaries for said infants the sum of $698, as follows: For James F. Hilton, $275, and for Joseph B. Hilton $423; that the plaintiff has paid a certain mortgage or incumbrance on a portion of said premises in favor of the Otoe

County National Bank, amounting to the sum of $1,683; that the plaintiff has necessarily paid, laid out, and expended in prosecuting, defending, compromising, and settling various suits wherein the title to said land was in controversy, the sum of $3,308; that the taxes now due and unpaid on the undivided two-thirds of said premises held by the plaintiff in trust for said infants as aforesaid, amounts to $1,420.

" That it is for the best interest of the infants that a portion of said lands be sold or mortgaged to raise the money to pay said taxes and discharge said indebtedness, and to provide means for their future support, education, and maintenance.

" It is therefore re-ordered and judged and decreed that the plaintiff, William C. Lincoln, be and he hereby is authorized and empowered to sell not to exceed one-half of the real estate above described to such person or persons at such time and on such terms as shall, in the opinion of said Lincoln, be to the best interest of said infants, provided the same can, in the opinion of said Lincoln, be sold at its fair value. And in case the same cannot be sold for its fair value, then and in that case he is hereby authorized and empowered to negotiate a loan of not to exceed ten thousand dollars, at a rate of interest not to exceed 12 per cent per annum, and mortgage not to exceed one-half of the property above described to secure the payment of the same.

"And it is further ordered and judged and decreed that, before the said William C. Lincoln shall sell or mortgage any portion of the property above described, he shall first execute a bond to James F. Hilton and Joseph B. Hilton, in the sum of five thousand dollars, with good and sufficient surety or sureties, to be approved by the clerk of this court, conditioned that he will honestly and faithfully perform the trust reposed in him in reference to making such sales or loans, that he will pay over, invest, and account

for all moneys that shall be received by him by virtue of such trust, according to the order of any court having authority to give directions in the premises, and that he will in all things observe the orders and directions of the court in relation to such, and upon compliance with such conditions the bond shall be void, and not otherwise, and file the same in the county clerk's office of Lancaster county.

"And it is further ordered and judged and decreed that out of the moneys arising from such sale or loan, the said Lincoln shall pay—

" First, The cost and expenses of this proceeding.

"Second, The taxes now due on said lands.

" Third, He shall retain for his own use and benefit the moneys expended by him for said infants, and two-thirds of all moneys paid, laid out, and expended by him to discharge the mortgage to the Otoe County National Bank, and in prosecuting, defending, compromising, and settling all suits wherein the title to the lands or any part thereof have been in controversy, with interest at the rate of 12 per cent per annum from the date of such payment.

" Fourth, The balance of said moneys shall be invested in good and safe securities, at a rate of interest not less than ten per cent per annum, except such portion as may be necessary for the immediate support, education, and maintenance of said infants."

The bill of exceptions also contains a transcript of a proceeding instituted by William C. Lincoln against James F. Hilton, Joseph B. Hilton, Thomas W. Lowrey, James F. Jones, and John M. Young, which is in effect a report to the district court by Lincoln, showing his doings under the above order. As will be hereafter seen, this proceeding cannot be considered as affecting the rights of plaintiff, George H. Hilton, to his disadvantage, for the reason that he was not made a party to it. But it is competent to be considered as in his favor, for it shows affirmatively

that Lincoln exceeded the powers granted by the first order in selling and mortgaging more of the real estate than he was by that order authorized to sell and mortgage. However, he was a party to the former proceeding, and must be deemed to have consented to all that was done or authorized to be done therein. His rights, if any, to the real estate, grow out of his inheritance of the interest of George L. Hilton, his deceased son, and one of the *cestui que trusts.*

It appears that George L. also signed the petition and consented to the proceeding, and that at that time he had attained his majority.

It next appears that William C. Lincoln and wife, on the 11th day of August, 1874, executed and delivered to John Bachman a mortgage on the undivided one-third of the south half of the north-west quarter of section fourteen, and the south-east quarter of the north-east quarter of section fifteen, in township number ten north, of range six east; and the north-east quarter of the south-east quarter of section fifteen, township nine north, of range six east —for the purpose of securing the payment of the sum of $1,500, due the 27th day of October, 1876, with interest thereon at the rate of twelve per cent per annum, and that subsequent thereto, upon default of payment of the interest notes as they matured, the mortgage was foreclosed, and on the 5th day of January, 1876, after confirmation of sale, the sheriff, by order of court, executed and delivered a deed to the purchaser, John Bachman, for the mortgaged property, and that on the 24th day of March, 1884, Bachman and wife deeded to defendant, Imhoff, the undivided one-third interest in the south-east quarter of the north-east quarter of section fifteen, township number ten north, of range number six. Other deeds were executed to Imhoff, by which he claims to have acquired full title to the real estate, but as the case stands in this court they need not be noticed. George L. Hilton is

deceased. He died intestate, without issue, and George H. Hilton, plaintiff, is his father and sole heir.

John Bachman is deceased, and his widow and heirs at law are made defendants.

A trial was had to the district court, which resulted in a general finding in favor of the defendants and a dismissal of the cause at the cost of plaintiffs, from which they appeal to this court.

Pending the appeal, but before the submission of the cause, a motion was filed by plaintiff for leave to strike out of the petition certain parts thereof referring to the alleged interest of James F. Hilton and Joseph B. Hilton in the real estate in dispute. The basis of this motion was, that the action involving the interests of said plaintiff was pending in the United States circuit court for the district of Nebraska, between the parties hereto, at the time of the commencing of this action, and that that court still retained jurisdiction thereof. The motion was sustained, and that part of the case, although the said James F. and Joseph B. Hilton are retained as plaintiffs, will not be considered.

Plaintiff George H. Hilton claims the undivided one-third of the property in dispute, as the heir at law of George L. Hilton, deceased. This claim is based—First, upon the theory that the trust reposed in John Hilton is unimpaired by the deeds through which he sought to divest himself of the title, and second, that the interest of George L., being a life estate, reverts upon his death to George H., his father, the donor.

We have carefully examined the authorities cited in support of this contention, and cannot so hold. The deed from John Hilton to Alice was made with the knowledge and consent of plaintiff, and he has recognized as valid the conveyances which followed. And even were this not the case, he would be bound by his petition, with all other interested parties, hereinbefore copied, in which the district

court is asked to appoint William C. Lincoln, the then holder of the title under John Hilton, as trustee, with all the powers contained in the original deed to John. And we cannot see how he can be heard to question the action of William C. Lincoln, at least so far as such action is in accordance with the terms of his original deed or the order of court granted upon his own petition.

The right of Lincoln to "sell and convey all or any portion, at any time or in any way, at his discretion, for the benefit" of the *cestui que trusts*, as expressed in the original deed, was fully recognized, and in so far as his mortgage of the property to Bachman is concerned, it could not be questioned in this proceeding, even though he was not the owner in his own right of the interest now claimed by plaintiff.

But it is contended that there is no proof that William C. Lincoln was the owner of the undivided one-third of this real estate at the time of the execution of the mortgage to Bachman, and it is insisted that this portion of the title was not thereby encumbered. We are unable to find such deed in the record, but we find that, in the petition in the case of William C. Lincoln against James F., Joseph B., George H. Hilton, and others, it is alleged that Lincoln was the owner of the two-thirds interest in the real estate which he held in trust for James F. and Joseph B., the conveyance of the real estate having passed through George H. Hilton and S. B. Galey to himself. In that action a decree was prayed for confirming his ownership in fee of the one-third interest which plaintiff George H. Hilton now claims. The decree of the court was in accordance with the prayer of that petition, and after a finding that Lincoln held the title to the undivided two-thirds in trust for James F. and Joseph B., there was an express finding that he (Lincoln) was "the owner in fee of the other undivided one-third" of the land.

Plaintiff was a party to that action. He was satisfied

with that decree at the time it was made. The court had jurisdiction over him, as well as of the subject-matter. He took no steps to have the decree reviewed, modified, or set aside. All presumptions are in favor of the regularity of that proceeding. We must presume that the district court which rendered the decree did so upon ample proofs of title, and that the decree being still in full force is binding, and settles the question of title.

We deem it unnecessary to enter upon a discussion of the action of the district court in excluding the deposition of John Hilton taken in another cause as admissions under oath of the want of consideration in the deed from him to Alice, and as to the same being a written declaration of the original trust, for reasons which appear from the foregoing.

It is next insisted that the court was without jurisdiction to render a decree in the foreclosure proceeding of Bachman against Lincoln. This is based upon the fact that service of summons was made upon Lincoln in the state of Illinois, without proof by affidavit of his non-residence. This becomes an unimportant question, for it is shown by the record that he appeared in the cause and resisted the rendition of a personal judgment against him for the deficiency remaining after the sale of the property, and pleaded as a reason therefor his discharge in bankruptcy. He also filed exceptions to the sale, and resisted its confirmation. This was a general appearance and a full submission to and recognition of the jurisdiction of the court over him. We therefore think that the court had jurisdiction over Lincoln, and that, the judgment being unreversed and in full force, it must be treated as final and not subject to this collateral attack.

The decree of the district court is affirmed.

DECREE AFFIRMED.

THE other judges concur.