CHARLES NYGREN, APPELLANT, V. KATIE NYGREN,
APPELLEE.

FILED NOVEMBER 7, 1894.    No. 5681.

1. **Divorce:** DECREE: REVIEW. ·The supreme court will not disturb a decree granting a divorce where no question of law is involved and the finding of the trial court is based upon conflicting testimony.

2. ———: LIEN OF DECREE FOR ALIMONY. Since the enactment of section 4a, chapter 25, Compiled Statutes, a decree for alimony is a lien upon real estate the same as a judgment at law, and is enforceable in the same manner.

3. ———: DECREE FOR ALIMONY: ORDER OF SALE. The decree of the lower court, in so far as it orders the sale of specific real estate for the payment of alimony, is reversed.

APPEAL from the district court of Antelope county. Heard below before ALLEN, J.

*Simpson & Sornborger,* for ·appellant.

*Good & Good, contra.*

NORVAL, C. J.

The plaintiff and appellant filed in the district court of Antelope county a petition for divorce, which, it is conceded, failed to state a cause of action, and no evidence was offered by the plaintiff to sustain the averments of the petition. The defendant filed an answer and cross-petition, setting up numerous specific acts of cruel and inhuman treatment of the defendant by the plaintiff, and praying for a divorce and alimony. The reply was a general denial. The district court found the facts in favor of the defendant, and a decree of divorce was entered. Defendant was restored to her maiden name, and awarded $1,000 alimony. The decree for alimony was made a specific lien upon a quarter

section of land in Antelope county, which was ordered sold to pay the $1,000, unless the plaintiff should pay the same within sixty days from the rendition of the decree.

The first contention of appellant is that the decree for divorce is not supported by the evidence.  It is not important that we should review the testimony in the case, and it certainly would serve no useful purpose to do so.  It is sufficient to state that the defendant's testimony is to the effect that the plaintiff's treatment of her during the time they lived together, which was but a trifle over a year, was cruel and brutal in the extreme; that he committed more than one act of personal violence toward defendant, that in other respects he was cruel and inhuman in his conduct toward her, and called her vile and opprobrious names.  The defendant's testimony, in part at least, is corroborated by her mother, Bettie Olson, and one Ingri Hulsted, who testified by deposition.  The plaintiff denies in his testimony, substantially, that he was guilty of any of the acts of extreme cruelty testified to by his wife.  The trial court was in a better position to pass upon the conflicting testimony adduced before it than this court can from a mere reading of the evidence.  Our conclusion from the testimony accords with that of the court below.  There is sufficient evidence to sustain the finding that the plaintiff is guilty of the extreme cruelty charged in the defendant's cross-petition.  The decree granting the divorce, therefore, cannot be molested.

We will now consider whether the court erred in making the amount of alimony allowed the defendant a lien upon specific real estate of the plaintiff, and ordering the land sold for the payment of the sum awarded as alimony. This court, in *Swansen v. Swansen*, 12 Neb., 210; and *Brotherton v. Brotherton*, 14 Neb., 186, held that a decree for alimony is not a lien upon the real estate of the husband, and that the trial court has no power to make such a decree a lien; but since these cases were decided the state legislature, in 1883, passed "An act to provide additional

remedies for enforcement and collection of judgments and
orders for alimony or maintenance." Sections 1 and 2 of
said act, the same being sections 4*a* and 4*b*, chapter 25,
Compiled Statutes of 1893, read as follows:

"Sec. 4*a*. All judgments and orders for payment of ali-
mony or of maintenance in actions of divorce or mainte-
nance shall be liens upon property in like manner as in
other actions, and may in the same manner be enforced and
collected by execution and proceedings in aid thereof, or
other action or process as other judgments.

"Sec. 4*b*. The remedy given by this act shall be held to
be cumulative and in no respect take away or abridge any
subsisting remedy or power of the court for the enforce-
ment of such judgments and orders; *Provided*, Nothing in
this act shall affect the title of any *bona fide* purchaser for
value holding by reason of such *bona fide* purchase at the
date of its passage."

Section 26 of the same chapter, as amended in 1883,
reads as follows:

"Sec. 26. In all cases where alimony or other allowance
shall be decreed for the wife or for the children, the court
may require sufficient security to be given by the husband
for the payment thereof, according to the terms of the de-
cree. And upon the neglect or refusal of the husband to
give such security, or upon his failure to pay such alimony
or allowance, his real or personal estate may be sold as upon
execution for the payment of any sums due upon such de-
cree. And in default of security for the payment of in-
stallments in future to fall due, the court may also appoint
a receiver to take charge of his real or personal estate, or
both, and hold the same, and the rents, issues, interests,
and profits thereof, for security for the payment of install-
ments in future falling due. And judgments and decrees
for alimony or maintenance shall be liens upon the prop-
erty of the husband, and may be enforced and collected in
the same manner as other judgments of the court wherein
they are rendered."

By virtue of the section first above copied all judgments or orders for the payment of alimony are made liens upon property the same as judgments in actions at law, and their collection is enforceable in the same manner as other judgments. In *Atkins v. Atkins*, 18 Neb., 474, it was held that said section 4*a* was applicable to decrees for alimony existing at the time of its adoption. If said section has any force and validity and means what it says, the decree for the payment of alimony in the case at bar immediately upon its rendition became a lien upon the quarter section in question, as well as all other real estate of the plaintiff which he owned in Antelope county. Therefore the plaintiff was not the least prejudiced or injured by the making of the decree for alimony a specific lien upon the 160 acres. By force of the state it was a lien thereon, without any order of the court; hence the decisions ˙in *Swansen v. Swansen* and *Brotherton v. Brotherton, supra*, are not now in point, by reason of the change in the statute.

It only remains to be considered whether the court should have ordered the sale of the quarter section to pay the sum decreed as alimony. Neither of the sections quoted above confers any express authority, while the import of section 4*a* is that a decree of alimony is a general judgment, which can be enforced as an ordinary judgment, in which case an execution may issue, and the personal property be seized thereunder; and for want of personalty the writ may be levied upon real estate. Section 26 authorizes the court to require the husband to give security for the payment of alimony allowed the wife, and upon the neglect or refusal of the husband to give such security or pay such alimony, execution may issue and his real estate and personalty may be sold thereunder for the payment thereof. The statute nowhere confers power upon the court to make the decree for alimony a charge upon particular real estate. This court, in *Segear v. Segear*, 23 Neb., 306, in construing said section 4*a*, in an opinion delivered by Justice

Cobb, says: "The provisions of this section establish the character of an order for the payment of alimony with that of a judgment at law, and limit the enforcement and collection to the same means. It is not in the nature of a tort, and in the absence of fraud, by the defendant, he could not be subjected to a more summary method of collection than that of levy and sale of property as upon executions at law." Cases may arise where it would not be erroneous for the court to order the sale of specific real estate, as where that was the only property the husband owned; but such is not the case under review, since the defendant is possessed of a quantity of personal property subject to levy upon execution. The decree of the district court is reversed so far as the same orders the sale of specific real estate for the payment of alimony, and in all other respects the decree is affirmed.

JUDGMENT ACCORDINGLY.