## MICHAEL CIZEK v. ANNA CIZEK.*

FILED SEPTEMBER 17, 1904.    No. 12,968.

1. **Decree**: COLLATERAL ATTACK. Where the court had jurisdiction of the parties and of the subject matter, and such subject matter was brought before it by the pleadings, its decree is not open to collateral attack, although the jurisdiction may have been exercised and the subject matter dealt with erroneously or irregularly.

2. ———: ———: FINDINGS. In case the pleadings are sufficient to bring the subject matter before the court, the decree may not be attacked collaterally merely for want of findings; such defect goes no further than to render the decree irregular or erroneous.

3. **Homestead**: POWERS OF COURT TO QUIET TITLE. The district court has the power to quiet the title to a homestead in one of the spouses without the concurrence of the other.

4. **Divorce**: HOMESTEAD: POSSESSION. After decree of divorce, the husband has no right of possession in the separate property of the wife, occupied as a homestead while the marriage relation subsisted.

ERROR to the district court for Lancaster county: ALBERT J. CORNISH, DISTRICT JUDGE. *Affirmed.*

* Rehearing allowed. See opinion, p. 800, *post.*

*Adolphus R. Talbot* and *Thomas S. Allen,* for plaintiff in error.

*James E. Philpott, contra.*

POUND, C.

Michael Cizek, hereinafter styled the defendant, brought suit for divorce against Anna Cizek, hereinafter referred to as the plaintiff. The latter filed a cross-petition, praying that she be granted a divorce; alleging certain facts evidently intended as a claim that the property in controversy in the present cause had been purchased with her money and was, in justice and equity, her separate property, held in trust for her by her husband; and seeking to have the title thereto quieted in her and an award of alimony. Defendant failed to comply with an order for temporary alimony, and upon hearing plaintiff was granted a divorce. The decree further provided that, "by consent of parties being made thereto in open court," the defendant should convey the property in controversy to plaintiff, subject to a lien of $250 awarded defendant, to be evidenced by a mortgage which plaintiff was directed to execute; the decree to stand in lieu of such conveyance and mortgage in default of compliance. No appeal was taken, and the decree remains in full force. The present proceeding was brought by the plaintiff to obtain possession of the property. A verdict in her favor was directed in the district court, and error is prosecuted in this court.

It is contended on behalf of the defendant that the consent of his counsel was wholly without his knowledge or authority and that the decree, so far as it relates to the property in controversy, is void and open to collateral attack. There can be no doubt that if the court attempted to award alimony out of particular property or to charge the award upon particular property, instead of leaving it to operate as a general lien, its action was irregular

and erroneous, and subject to correction upon review. *Swansen v. Swansen*, 12 Neb. 210; *Brotherton v. Brotherton*, 14 Neb. 186; *Nygren v. Nygren*, 42 Neb. 408. But where the court had jurisdiction of the parties and of the subject matter, and such subject matter was brought before it by the pleadings, its decree is not open to collateral attack, although the jurisdiction may have been exercised and the subject matter dealt with erroneously or irregularly. *Hilton v. Bachman*, 24 Neb. 490; *Hough v. Stover*, 46 Neb. 588. All parties were before the court by their pleadings. The plaintiff alleged that the property in question was, in equity, her separate estate and was held in trust for her by her husband. If so, the court had power to enforce the trust. *Bartlett v. Bartlett*, 15 Neb. 593. Whether any such presumption as that which exists where a husband purchases property and places the title in his wife's name arises where the property is purchased with the wife's money and the conveyance runs to the husband, we need not consider. In any event the presumption may be overcome by clear and convincing evidence of a trust. *Doane v. Dunham*, 64 Neb. 135. And we must assume that such evidence was before the court. *Hilton v. Bachman, supra.* The mere fact that the decree contains no express finding upon the issue as to a trust, raised in the cross-petition, is not material. In case the pleadings are sufficient to bring the subject matter before the court, the decree may not be attacked collaterally merely for want of findings. Such defect goes no further than to render the decree irregular or erroneous. *State v. Duncan*, 37 Neb. 631.

Counsel contend, further, that the property in question was the homestead of the parties, and hence, as neither could convey without the concurrence of the other, the court could not by its decree transfer the title from the one to the other without the other's consent. But it is well settled that a conveyance of the homestead from the one spouse to the other does not require execution and acknowledgment by both. *Furrow v. Athey*, 21 Neb. 671,

There is, in substance, no conveyance or incumbrance of the homestead in such a case. The reversion only is affected. The homestead interests of all parties are exactly what they were before. As the reversion is a valuable estate, and it is just and right that it should pass to the heirs or devisees of the spouse from whose estate in truth and fact the homestead was selected, there is every reason why a court of equity should interfere and should enforce the trust in such cases. When the court had determined the title in the plaintiff, defendant's rights in the property were those of homestead only, depending upon the relation of husband and wife between the parties. After decree of divorce, he had no right of possession in the wife's separate property, merely because such property was occupied as a homestead while the marriage relation subsisted. *Klamp v. Klamp*, 58 Neb. 748.

It is therefore recommended that the judgment be affirmed.

DUFFIE, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed March 17, 1904. *Former judgment vacated. Judgment of district court reversed:*

1. Record: PRESUMPTIONS. Presumptions indulged to sustain a record against a collateral attack can only be made to supply the record in matters regarding which it is silent, and can not be permitted to contradict the record in matters in which it speaks for itself.

2. Alimony: JURISDICTION. Jurisdiction of the court in matters relating to divorce and alimony is given by the statute, and every power exercised by the court with reference thereto must look for its source in the statute, or it does not exist.

3. ———: ———. Provisions of chapter 25, Compiled Statutes, relative to alimony, its allowance and the mode of its enforcement, *held* exclusive.

4. ——— : ———. In a suit arising under the provisions of chapter, 25, Compiled Statutes, the district court has not jurisdiction to award real estate of the husband to the wife in fee as alimony, and a decree in so far as it attempts so to do is void and subject to collateral attack.

5. **Jurisdiction.** Jurisdiction of the subject matter is conferred by the law, and can not be conferred by consent of the parties.

KIRKPATRICK, C.

At a former term an opinion in this case was handed down, affirming the judgment of the lower court. *Ante,* p. 797. The case has been resubmitted to this department, and argument by counsel for both parties has been had upon the merits. The principles of law as announced in the syllabus of the prior opinion are conceded to be sound; but counsel for plaintiff in error (hereinafter defendant) contend that the judgment of affirmance is based upon a misapprehension of the record, and that the judgment should have been one of reversal. We will herein restate the facts, as shown by the record upon which this cause was tried, as briefly as consistent with a clear expression of our views of the law applicable to the case made.

On April 30, 1902, defendant in error (hereinafter plaintiff) filed her complaint against defendant in justice court of Lancaster county, for the unlawful and forcible detention of lots 1 and 2, in block 109, city of Lincoln, and asking restitution with costs. There was judgment for plaintiff, and the cause was removed to the district court where, after trial to a jury, the district court directed a verdict for plaintiff. Judgment entered upon this verdict is sought to be reversed by the present proceeding in error to this court.

It appears that plaintiff and defendant prior to March 26, 1902, were husband and wife. On that day, in an action then pending in the district court for Lancaster county, wherein defendant was plaintiff and plaintiff was defendant, the court granted an absolute divorce to plaintiff, and in the decree rendered is contained the following recital:

"The court finds that the defendant (plaintiff herein)

54

is entitled to a divorce as prayed for, and by consent of parties being made thereto in open court, in lieu of all other orders for alimony entered herein, the plaintiff shall, within ten days from this date, give to the defendant his deed for lots 1 and 2 in block 109, Lincoln, Lancaster county, Nebraska, and in default thereof this decree to operate as such deed, and that within thirty days the plaintiff shall deliver possession of said property to the defendant; and that within ten days from this date, the defendant shall execute and deliver to the plaintiff her note and mortgage for the sum of $250 upon said property, due in six months from date and bearing six per cent. interest from date of same, and in default thereof, this deed to operate as a lien upon said property for said amount."

This decree is the basis of plaintiff's claim to the property in controversy, and upon it the lower court in the case at bar directed a verdict for plaintiff. All of the contentions by counsel for defendant urged at the former hearing have been abandoned except the one that the decree in the divorce suit, in so far as it awards specific real estate to plaintiff as alimony, is void, and can not be the basis of any right.

It will be convenient at this point to state the theory upon which the conclusion leading to an affirmance of the judgment at the former hearing was reached. In the fourth paragraph of the petition of defendant (then plaintiff) in the divorce suit, he alleged: "That plaintiff is possessed of the following described property, to wit: Lots one (1) and two (2) block 109, Lincoln, Nebraska. That lot one contains a three room house, and lot two contains a small stable. That all of said property is clear of all incumbrances and is worth about $800." The petition also alleged that "it is the wish and desire of this plaintiff that the court allow defendant reasonable alimony."

In her answer and cross-petition plaintiff (then defendant) alleged:

"That she admits all the fourth paragraph of plaintiff's petition, and further says, that the consideration money

for the payment of said lots one and two was money re-
ceived by her from her father's estate in Bohemia, Europe;
and that the said house on said lot 1 was built, except one
room or part thereof, with her said funds obtained as afore-
said, all of which said moneys were loaned by this defend-
ant to said plaintiff, at plaintiff's request; no part of which
has ever been returned by the plaintiff to this defendant."

The cross-petition contained a prayer that the defend-
ant be decreed to pay reasonable alimony, and that the
title in said lots one and two be quieted in plaintiff.

Under this state of the pleadings in the divorce suit,
upon the doctrine announced in *Hilton v. Bachman,* 24
Neb. 490, and *State v. Duncan,* 37 Neb. 631, it was, in the
former opinion, held that: "In case the pleadings are suffi-
cient to bring the subject matter before the court, the de-
cree may not be attacked collaterally merely for want of
findings. Such defect goes no further than to render the
decree irregular or erroneous"; and, assuming that the
property was brought within the jurisdiction of the court
by the allegations in the cross-petition, it was thought that
in order to sustain the decree, the presumption should be
indulged that sufficient evidence was heard by the trial
court to sustain a resulting trust in the property in favor
of the plaintiff, warranting the award of the property to
her, the failure to make and incorporate in the decree spe-
cific finding of this fact not being jurisdictional.

The principle is sound, but its application to the facts in
this record is now questioned, counsel for defendant con-
tending, first, that the issue of plaintiff's equitable claim
to the property was not tendered by her answer and cross-
petition; and, second, that the decree itself contains a re-
cital rebutting the presumption indulged to sustain it.

Whether the court by the pleadings was given jurisdic-
tion to make a decree affecting the title to this property
may, we think, well be doubted. The only object of the
proceeding instituted by the husband was to obtain a
divorce from his wife. The wife sought by answer and
cross-petition to obtain a divorce from her husband with

alimony.   Ordinarily, an action to quiet title, or to collect
a debt, would not be joined with a suit, the object of which
was to obtain a divorce, a purely statutory proceeding in
this state.   This being the nature of the proceeding then
before the court, it ought to appear from the pleadings that
the court had jurisdiction of this property—jurisdiction to
make a decree affecting title thereto.   The question, we
think, would be whether the pleadings, aided by any pre-
sumptions which it may be permissible to indulge, tendered
the issue of a resulting trust in plaintiff's favor, so that
the court would have jurisdiction by the decree to change
the title.   Plaintiff alleged in her cross-petition that the
money with which the property was purchased was loaned
by her to her husband at his request, no part of which he
had repaid.   Under a state of facts like this it was held
that "the payment of the money at the request of the hus-
band was a loan by the wife to him.   It created the rela-
tion of debtor and creditor, and not that of trustee and
*cestui que trust.*" *Torrey v. Cameron*, 73 Tex. 583-587.   In
2 Story, Equity Jurisprudence (13th ed.), sec. 1195, it is
said that "a trust is never presumed or implied as intended
by the parties unless, taking all the circumstances together,
that is the fair and reasonable interpretation of their acts
and transactions."   Such a trust is a presumption, sub-
ject to rebuttal by evidence showing that the transaction
was of a different character.   And, if this be true, then it
would seem beyond question that a pleading alleging facts
as potential to rebut any claim of a resulting trust as any
which could have been shown in evidence can not be said
to bring such an issue into the case, for, upon the plainest
principles, one who loans money upon the request of the
borrower has not an equitable claim upon the property
purchased with the money borrowed.   It does not seem to
us that under the state of the pleadings in the divorce
suit this property was brought before the court in such a
way as empowered it to make any decree affecting the title
thereto upon any presumed theory that a trust therein was
established.

But the decree in the divorce suit, as already quoted herein, shows, we think, without question, that the property was awarded to plaintiff as alimony, and this precludes any presumption that the property was awarded to her because it was shown to be her own. Alimony is payable out of the husband's estate, and not out of the wife's. It can never be assumed that the court gave as alimony to the wife property shown on the trial to be hers. In 1 Black, Judgments (2d ed.), sec. 277, it is said:

"The general rule, as stated, is that every presumption will be indulged in favor of the records of superior courts. An important corollary to this rule is that there can be no presumption against the record. For if the record imports absolute verity, its recitals must be equally as conclusive when they make against the jurisdiction as when for it."

Upon this rule we think it follows that the judgment of the district court in the case at bar can not be affirmed by invoking the presumption that a trust was proved.

Thus we are brought to a consideration of the one remaining contention, and that now relied on, that the decree, in so far as it awards specific real estate of the husband to the wife as alimony, is void and subject to collateral attack. Is it competent for a district court in this state, sitting as a court of equity to hear cases arising under the provisions of chapter 25, Compiled Statutes (Annotated Statutes, 5324), to devest the husband of his legal title to realty, and vest the title in the wife as alimony? In several cases, this court has reversed judgments where the lower court gave to the wife a lien upon specific real estate of the husband. *Nygren v. Nygren,* 42 Neb. 408; *Brotherton v. Brotherton,* 14 Neb. 186. But this is a collateral attack, and defendant can not prevail unless it is made to appear upon reason and authority that the award of real estate as alimony is not merely erroneous, subjecting the judgment to reversal on appeal, but is in excess of the court's jurisdiction under the statute.

Section 22 of chapter 25 (Annotated Statutes, 5345)

provides that in case of a divorce, "the court may further decree to her (the wife) such part of the personal estate of the husband and such alimony out of his estate as it shall deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case." There is a provision (section 23) reserving to the wife, under certain circumstances, her dower estate; section 24 reserving under certain circumstances a portion of the wife's personal estate to the husband, and section 26 provides that when alimony is allowed, the court may require security for its payment; may order his real estate sold as upon execution if he fails to pay alimony, and may appoint a receiver to collect the profits of his estate both real and personal, in case of his default, and it is specifically declared that the judgment for alimony stands upon an equal footing with all money judgments, being a lien upon the judgment debtor's real estate in the same manner as any other judgment that may be obtained against him.

Are the provisions of chapter 25 exclusive in their grant of power to the district courts with reference both to the causes for which divorce may be granted, and to the allowance of alimony? Consideration of this question has led us to answer in the affirmative. Matters pertaining to divorce, separation, and alimony were originally of ecclesiastical cognizance. But in this country they have always been regulated by statute, and we think the courts have always looked to the statute as the source of their power. In *Barker v. Dayton,* 28 Wis. 367, 379, it is stated: "It is an undoubted general principle of the law of divorce in this country, that the courts, either of law or equity, possess no powers except such as are conferred by statute; and that, to justify any act or proceeding in a case of divorce, whether it be such as pertains to the ground or cause of action itself, to the process, pleadings or practice in it, or to the mode of enforcing the judgment or decree, authority therefor must be found in the statute, and can not be looked for elsewhere, or otherwise asserted or ex-

ercised." We think this principle was recognized by this court in the cases of *Nygren v. Nygren* and *Brotherton v. Brotherton, supra,* reversing the judgments because the district court gave a remedy in excess of that authorized by the statute, the provisions of which for the enforcement of the wife's claims being regarded as sufficient and exclusive.

After an exhaustive review of all the authorities upon this question, and a careful examination into the reason and history of jurisprudence both in this country and in England with reference thereto, Bishop, in the first volume of his work on Marriage, Divorce and Separation, section 1400, states the rule as herein announced. In *Earle v. Earle,* 27 Neb. 277, a wife sought separate maintenance without praying divorce. It was sought to defeat her suit on the ground that the proceeding was not recognized by our statute. She was permitted to prevail because to deny her suit would have been to recognize a wrong without a remedy. Without pretending to question the soundness of that decision, it is manifest that it is inapplicable here, because in cases like that at bar the remedy provided by the statute has been declared by this court to be ample and sufficient.

We proceed, therefore, in the examination of the question presented upon the assumption that the court's power to do what it did under the pleadings in this case must find justification in the statute or it can not be sustained. Empowered by the statute to award alimony, can the court, in the exercise of this power, give the real estate of the husband to the wife? Or, stated otherwise, is the power to give the husband's real estate to the wife by decree in a divorce suit implied in the power which the statute expressly confers to give alimony? The language used by the supreme court of Wisconsin (*Bacon v. Bacon,* 43 Wis. 197, 203) in discussing a statute like our own is pertinent to this question. "Section 24," it is there said, "so far as it has relation to the subject, is restricted in terms to personal property. It authorizes the court to adjudge to

the wife part of the personal estate of the husband and alimony out of his estate. The part of the personal estate here intended is presumably confined to specific chattels, other than money; alimony being intended to cover all provision for money. Alimony is not an estate; not a portion of the husband's estate to be assigned to the wife as her own. It is an allowance out of the husband's estate for the nourishment of the wife, resting in discretion, variable and revocable. *Campbell v. Campbell*, 37 Wis. 206. As the authorities in that case sufficiently show, alimony is a technical word, theoretically restricted to personalty and practically to money. It is payable out of the husband's estate, real as well as personal; but the word never covers the estate itself. So section 24 makes it payable out of the husband's estate; clearly excluding any transfer of his estate to the wife, except the part of his personalty previously and expressly authorized."

In *Calame v. Calame*, 25 N. J. Eq. 548, the statute under consideration provided as follows: "When a divorce shall be decreed, it shall and may be lawful for the court of chancery to take (make) such order touching the alimony and maintenance of the wife, and also touching the care and maintenance of the children, or any of them, by the said husband, as from the circumstances of the parties and the nature of the case, shall be fit, reasonable, and just." And with reference to this statute it was said:

"Now, the terms alimony and maintenance are emphatically technical words, having for ages borne a fixed and established meaning, and they never have been held to comprise, within their legitimate signification, an allowance of a portion of the husband's estate in fee. It is not pretended that there is any expression in this law which tends to show that these words have been used in a different sense from that which, as terms of art, they carry with them; and such being the case, it seems to me that, upon general principles, they must be held to embody simply their technical signification."

While the point was not necessary to a decision of the

case before it, the court in *Maguire v. Maguire,* 7 Dana (Ky.), 181, in the last paragraph of the syllabus, said with reference to the signification of the word alimony: "A decree for alimony must secure to the wife an annuity, or other personal right to maintenance; an absolute right to property can not be decreed in a case for alimony."

And so in the case of *Russell v. Russell,* 4 G. Greene (Ia.), 26, 29, under a statute permitting the court "to make such order in relation to the children and property of the parties and the maintenance of the wife as shall be right and proper," it was said: "Alimony is an allowance for maintenance of the wife. It is not to be understood as involving a distribution of the estate by force of law." And in the same case with reference to an attempted transfer of this kind, it was stated: "The rights of realty are held in too much regard to be disturbed by a procedure so summary. The estate of inheritance would thereby be diverted from its legitimate direction."

So much, then, does an examination of the cases reveal as to the technical signification of the word "alimony," denominated in the books as a word of art, standing for a definite idea, which, in the absence of language indicative of a use opposed to its settled meaning, excludes the husband's real estate.

Words in a statute are to be given their usual meaning (*State v. Byrum,* 60 Neb. 384)., and this same principle requires that technical words shall be given their technical meaning unless another intention is manifest from the statute. The meaning of this word being fairly settled, it must be presumed that such meaning was in contemplation of the legislature and expresses the true meaning of the statute (*Kendall v. Garneau,* 55 Neb. 403), unless there is to be found in the statute warrant for holding that it was used in a broader sense. Can this be said of our statute on divorce and alimony? The court is empowered to decree to the wife "such part of the personal estate of the husband, and such alimony out of his estate." Thus the power to give in kind seems to be restricted to personal

property, and alimony is made payable *out of his estate.*
This variation in language can not be said to be accidental
or meaningless.    It is similar to the phraseology of like
statutes in other states.    In *Bacon v. Bacon, supra,* the
words "alimony out of his estate," are held to exclude a
transfer of the husband's estate to the wife.    Alimony is
defined by Blackstone as that allowance which is made to
a woman for her support "out of the husband's estate."    1
Blackstone's Commentaries, 441.    Furthermore, all the
subsequent provisions for the enforcement of the decree for
alimony seem unmistakably to contemplate that the ali-
mony granted is an allowance out of the husband's estate,
and not a part of his estate.    In the *Calame* case, 25 N. J.
Eq., *supra,* the chancellor said at page 551:

"I will, in conclusion, point to the fact, that the modes
appointed by the act to enforce the payment of the alimony,
such as requiring security from the husband, and author-
izing the sequestration of his personal estate, and the rents
and profits of his real estate, appear to stand in opposition
to the idea that a part of the land itself can be set apart
for the wife."

This language may with equal pertinency be applied to
our statute.

In view of the foregoing, we think it can not be success-
fully said that the court in awarding to the wife specific
real estate of the husband as alimony did not exceed the
power conferred by the statute.    This being true, it must
be held, unless one other contention yet to be considered
makes another holding necessary, that the decree in the
divorce suit, so far as it attempts to give the specific prop-
erty in controversy to the wife in fee as alimony, is void,
and subject to this collateral attack.    1 Freeman, Judg-
ments (4th ed.), section 120c.

But it is said that the decree assailed herein recites that
the parties thereto consented in open court to the judg-
ment awarding the property as alimony.    It is not open to
question in this state that jurisdiction can not be conferred
by consent.  *Burkland v. Johnson,* 50 Neb. 858; *Anderson*

*v. Story*, 53 Neb. 259; *Armstrong v. Mayer*, 60 Neb. 423. It is only with reference to the jurisdiction over the person that the court will look to the attitude of the party. That which in this decree is attacked for nullity goes to the power of the court to transfer the title to real estate in the manner and under the circumstances attempted. It is manifestly a question of jurisdiction over the subject matter, and being such, it can not well be said that the consent of the parties as recited can affect the determination of the question. It would not be contended that had the court granted a divorce up on a ground not mentioned in the statute, the decree, otherwise void, would be held valid because the parties are shown to have consented thereto. The law conferring the jurisdiction, whether the court had or had not power to set over this real estate to the wife as alimony, must be tested by the law. So tested, we find that the court was without jurisdiction, and that the decree, so far as it attempts to vest title to the property in controversy in plaintiff, is void, and that the judgment of the district court in the case at bar should have been for defendant. It is therefore recommended that the prior judgment of affirmance herein be vacated, the judgment of the district court reversed and the cause remanded for further proceedings.

DUFFIE and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the prior judgment of affirmance herein is vacated, the judgment of the district court reversed and the cause remanded for further proceedings.

REVERSED.