MAMIE L. WASHINGTON, APPELLANT, V. NAPOLEON B. WASHINGTON, APPELLEE.

FILED APRIL 18, 1907.  No. 14,767.

1. **Divorce: ALIMONY.** In a suit for divorce and alimony, a district court has jurisdiction to award to the wife specific articles of personal property from the estate of the husband in addition to alimony.

2. **Case Distinguished.** *Cizek v. Cizek,* 69 Neb. 800, examined, approved, and distinguished.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed.*

*Jefferis & Howell* and *Shotwell & Shotwell,* for appellant.

*D. J. Riley, contra.*

OLDHAM, C.

This was an action in replevin to recover certain household chattels described in the petition and affidavit. There was a trial of the issues to the court and jury, and at the close of the testimony the court directed a verdict for the defendant. From the judgment entered on the verdict the plaintiff appeals.

The facts underlying the controversy are that, prior to the 16th day of December, 1903, plaintiff and defendant had been wife and husband, but on that day the district court for Douglas county granted plaintiff a divorce from the bonds of matrimony from the defendant, and awarded her the specific articles of personal property in controversy in addition to a small allowance for alimony. The evidence showed that plaintiff relied on this decree as the source of her title to the household furniture in litigation. The case was submitted in this court without oral argument, but it is suggested in the briefs that the court below relied on the case of *Cizek v. Cizek,* 69 Neb. 800, as conclusive of the question that specific articles of property cannot be awarded as alimony. If this suggestion is well founded, the learned trial court has a mistaken view of the extent of the holding in the case just cited. All that was held in this case was that the district court has no jurisdiction to award real estate of the husband to the wife in fee as alimony, and that a decree attempting to do so is void and subject to collateral attack. It is true, as held in this opinion, that the jurisdiction of the district court in awarding alimony and maintenance in divorce proceedings arises solely from the provisions of the statute.

Section 22, ch. 25, Comp. St. 1905, provides: "Upon every divorce from the bonds of matrimony for any cause, excepting that of adultery, committed by the wife, and also upon every divorce from bed and board, from any cause, if the estate and effects restored or awarded to the wife shall be insufficient for the suitable support and maintenance of herself and such children of the marriage as shall be committed to her care and custody, the court may further decree to her such part of the personal estate of the husband and such alimony out of his estate as it shall deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case." This section plainly authorizes a decree of a part of the personal estate of the husband in addition to such alimony as the court shall deem just. This provision was recognized in the opinion in *Cizek v. Cizek, supra*, for it is said therein: "The court is empowered to decree to the wife 'such part of the personal estate of the husband, and such alimony out of his estate.' Thus the power to give in kind seems to be restricted to personal property, and alimony is made payable *out of his estate*." In the recent case of *Hays v. Hays*, 75 Neb. 728, it was held, among other things, that in a divorce proceeding the court, in addition to alimony, might decree to the wife specific articles of household furniture. As the evidence in this case tends to show that many of the articles of household furniture described in plaintiff's petition had been awarded to her in kind in her decree of divorce and alimony, we conclude that the learned trial court erred in directing a verdict for the defendant, and that the issues should have been submitted to the jury under proper instructions.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.