PETER G. COX, APPELLANT, V. PETER ANDERSON, SHERIFF, ET AL., APPELLEES.

FILED MAY 10, 1907.    No. 14,802.

Injunction: JUDGMENT. Injunction will not lie to restrain the enforcement of a judgment obtained in an action at law, where there is no claim of want of jurisdiction or of fraud or mistake, and where the situation of the parties remains unchanged.

APPEAL from the district court for Boyd county: JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*A. H. Tingle* and *D. A. Harrington,* for appellant.

*N. D. Burch* and *M. F. Harrington, contra.*

JACKSON, C.

On June 13, 1902, the land involved was covered by the homestead entry of Peter G. Cox, and on that date Levi P. Wells instituted before the register and receiver of the local land office at O'Neill, Nebraska, a contest against this entry. Proceedings were had resulting in the cancelation of the entry, and a homestead entry by the successful contestant. Thereafter, in an action for the forcible detention of the premises, Wells had judgment in the district court for possession. A writ of restitution

was issued, but before service of the writ Cox obtained, in this action, a temporary injunction restraining the sheriff from proceeding under the writ. On the final hearing in the district court the temporary order of injunction was dissolved, and the action dismissed. The plaintiff appeals.

The ground upon which the injunction was asked, and upon which it is now sought to sustain it, is that, after Wells secured the cancelation of the homestead entry made by Cox and filed on the land in his own behalf, Cox in turn contested the Wells entry, and that the latter contest was pending at the time the judgment of restitution was rendered in the state court, and is still pending. It is alleged in the petition that the contest was put upon the ground that Wells was not qualified to make a homestead entry, and that the department of the interior had so held, but the proof does not sustain these allegations. It seems that the last contest was denied because the allegations in the affidavit of contest were insufficient in law. Upon appeal to the department of the interior, the affidavit was held sufficient, and the judgment of dismissal reversed. The contest was again dismissed by the register and receiver of the local land office for want of prosecution, and, if pending at all, it is on appeal from the last order of dismissal.

But, independently of these considerations, the judgment of the district court was right. This is a collateral attack on the judgment of restitution. There is no charge in the petition of a lack of jurisdiction in the forcible detention action. There are no allegations of fraud, accident, surprise, or mistake. The grounds upon which it is now sought to maintain an injunction, if available at all, were known to the appellant when the detention action was commenced, and should have been pleaded as a defense in that action. A party to an action cannot be permitted to so assail a judgment rendered therein. *Bryant v. Estabrook*, 16 Neb. 217; *Hilton v. Bachman*, 24 Neb. 490; *Cizek v. Cizek*, 69 Neb. 797; *City of Ft. Pierre v. Hall*, 11 S. Dak. 663, 104 N. W. 470.

The order of dismissal should be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons state'l in the foregoing opinion, the judgment of the district court is

AFFIRMED.