## KAUIMAKAOLE LAZARUS *vs.* JOSEPH LAZARUS.

### SEPARATION.  EXCEPTIONS.

HEARING, DECEMBER 28, 1893.     DECISION, JANUARY 23, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

The statutes concerning divorce and separation do not authorize the granting of a separation to the libellee on an answer and cross-bill to libellant's libel for divorce.

OPINION OF THE COURT, BY BICKERTON, J.

This matter came on for hearing at the November Term, 1893, of the Circuit Court of the First Circuit, the petition having been filed 17th July, 1893, returnable at the August Term, but continued over until the November Term, 1893. The respondent filed a plea in bar, claiming that the matters and things set forth in the petition were *res adjudicata*, having been fully adjudicated and determined by the said Court in a certain suit entitled *Joseph Lazarus vs. Kaui-makaole Lazarus*, which was heard, tried and determined by said Court at the August Term, 1893; and wherein respondent sued for a divorce from the bonds of matrimony from the said petitioner, and wherein petitioner answered the libel for divorce and made allegations against the respondent substantially the same as those alleged in her petition for separation in this cause; and wherein petitioner prayed for a decree of separation from bed and board of this respondent, and for alimony.  On the 24th of November, 1893, the said Court overruled the said plea, and respondent, by his counsel, duly excepted to the said ruling, and on the 30th day of November, 1893, the said Court ordered a separation from bed and board of respondent in favor of the petitioner, and on the 5th day of December, 1893, a decree in pursuance

of said order was signed, and the matter now comes here on a duly allowed bill of exceptions.

It is claimed by respondent's counsel that under the statute, Section 8, p. 436, Compiled Laws, which reads as follows, "If after a full hearing, the Court shall be of opinion that a divorce ought to be granted, either from the bonds of matrimony, or from bed and board, an absolute decree shall be entered"—the Court might have passed on the cross-libel, and that the disposition of the libel for divorce carried with it the cross-bill and everything else in the suit. We do not think so; we cannot so construe the statute. We are of the opinion, and so hold, that the Court under the statute, would have no authority to order and decree a separation in favor of the respondent on the libellant's libel for divorce, but the Court could order a separation in favor of the libellant, instead of a divorce as prayed for. Page 434, Comp. Laws.

This petition was filed on the 17th of July, 1893, while the said divorce case was still pending before the same Court, it being finally decided and the libel dismissed August 24, 1893, the same Judge having heard a motion for alimony under this petition and made an order that the respondent deposit costs in Court, pay counsel fees and pay alimony to the petitioner before the said date. These orders were made on August 1, 1893, twenty-three days before the libel for divorce was dismissed.

In the decree signed by the Judge dismissing the libel for divorce, we find the following words striken out by the Judge and his initials in the margin: "And in support of the cross complaint of said Kauimakaole Lazarus filed together with her answer herein." It is evident to us that the Court did not consider the matter of separation in the divorce matter, or he would not have stricken out these words in the decree; the separation matter was still pending before him

on the other petition, and he had acted upon it in making the said order.

The exceptions are overruled.

*W. A. Kinney*, for petitioner.

*C. W. Ashford*, for respondent.