*E. C. Peters* for defendant.

---

MARY E. R. CORRERA *v.* JOAQUIN R. CORRERA.

RESERVED QUESTION FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JANUARY 20, 1909.            DECIDED JANUARY 25, 1909.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

DIVORCE—*alimony in case of failure to provide.*

> Under the divorce statutes failure to provide is an offense amounting to adultery, and alimony may be allowed in such a case under R. L. Sec. 2237.

OPINION OF THE COURT BY WILDER, J.

This is a question reserved by a circuit judge to ascertain whether in a divorce suit on the ground of failure to provide,

which was proved, the libellee may be ordered to pay to the libellant permanent alimony or, in the words of the statute, a "suitable allowance."

The statute in question is as follows:

"Upon granting a divorce for the adultery or other offense amounting thereto, of the husband, the judge may make such further decree or order against the defendant, compelling him to provide for the maintenance of the children of the marriage, and to provide such suitable allowance for the wife, for her support, as the judge shall deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case." R. L. Sec. 2237.

The only question involved is whether a failure to provide suitable maintenance for a wife by a husband able so to do is an offense amounting to adultery within the meaning of the statute referred to.

Originally in these islands a divorce, as distinguished from a separation, could only be obtained on the ground of adultery. Laws of 1845-1846, p. 62. In such case where the husband was at fault the wife was entitled to alimony. In 1853 the statute was amended so as to allow divorces to be granted for the following additional grounds, namely, wilful and continued desertion without cause for a certain period, five years absence in a foreign country and unheard of, and the commission of a crime involving a sentence of five years or more. Laws of 1853, p. 60. It was in this amending statute that the expression "adultery or other offense amounting thereto" first crept in. Since then other grounds for divorce have been added at various times. R. L. Sec. 2228. An offense in its legal signification means the transgression of a law. *Moore v. Ill.,* 14 How. 13, 19. It has "no precise or technical signification and is used, generally and loosely, in the sense of the matter or transaction which constitutes the subject or cause of the suit." *The Idaho,* 29 Fed. 189, 192. The definition of offense contained in R. L.

Sec. 2701, relating to criminal law, does not, as contended, limit its meaning when used in the divorce statutes. It is the natural as well as the legal duty of the husband to support his wife. R. L. Sec. 2257. The legislature has provided that that duty shall not cease upon the dissolution of the marriage for the husband's misconduct, and such a provision should be construed liberally in favor of the wife in order that she should have support in the future. *Campbell v. Campbell,* 37 Wis. 206. In the Laws of 1856, p. 15, in regard to allowing divorced persons to marry again, the legislature referred to all grounds for divorce as offenses. That is what we think the statute in this case means when it says "adultery or other offense amounting thereto," that is, adultery or any other ground for divorce, all being offenses within the meaning of the divorce laws. This is in accordance with the practice under this statute ever since it was enacted in 1853. Moreover, any other construction would allow alimony in case of a failure to provide where a separation only was decreed and not in the case of an absolute divorce, which does not seem to have been intended.

In California and South Dakota, under practically identical statutes as ours, alimony is allowed where a divorce is granted for an offense of the husband, and in neither state has it ever been contended, so far as their reported decisions show, that offense meant a violation of the criminal laws.

The reserved question is answered in the affirmative.

*E. C. Peters* for libellant.

*A. G. M. Robertson* for libellee.