(67 Misc. Rep. 404.)

PATTON v. PATTON.

(Supreme Court, Appellate Term.   May 24, 1910.)

1. DIVORCE (§ 331*)—FUTURE ALIMONY—CONCLUSIVENESS.

 A final decree for future alimony is, in the absence of qualification in the decree itself or of a statutory provision permitting it to be subsequently modified, as final and conclusive as any other decree, and hence is entitled under the federal Constitution to full faith and credit in other states.

 [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 841, 842; Dec. Dig. § 331.*]

2. EVIDENCE (§ 80*)—STATUTES OF SISTER STATE—PRESUMPTIONS.

 In the absence of proof of the law of another state, there is no presumption that the statutes of this state are there in force; such presumption applying only to the common law.

 [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 101; Dec. Dig. § 80;* Common Law, Cent. Dig. §§ 14–16.]

3. DIVORCE (§ 57*)—JURISDICTION—STATUTES.

 The jurisdiction of the courts of New York over divorce is derived exclusively from statute.

 [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 198, 199; Dec. Dig. § 57.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Special Term.

Action by Maggie H. Patton against William M. Patton. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Griggs, Baldwin & Pierce (Martin Conboy and Philip S. Hill, of counsel), for appellant.

John Francis Heffernan (John J. Dockry, of counsel), for respondent.

BIJUR, J. This action is brought to recover unpaid alimony, accrued since April 1, 1908, under a decree of absolute divorce entered on May 15, 1907, in the Supreme Court of the District of Columbia. The decree is absolute in form, and the complaint makes no reference to any law of the District of Columbia relative to the power of the court to modify a decree of this character.

A demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action was overruled. In support of the demurrer, it is urged that a decree for alimony to accrue after entry of a decree—i. e., for what is commonly known as future alimony —lacks the conclusiveness essential to entitle it in another state to "full faith and credit" under the federal Constitution.

A final decree for future alimony, however, is, in the absence of qualification in the decree itself, or of a statutory provision permitting it to be subsequently modified, quite as final and conclusive as any other decree. While there are expressions to the contrary in some cases in other states (see Barclay v. Barclay, 184 Ill. 375, 56 N. E. 636, 51 L. R. A. 351, which, by the way was an action for a separation only), our Court of Appeals has never subscribed to that doctrine. Since the Revised Statutes of 1829 (2 Rev. St. [1st Ed.] p. 145, § 45, subsequently embodied in section 1759 of the Code of Civil Procedure), and until the act of 1894, which first permitted subsequent modification of a decree for alimony, such a decree was unchangeable. In Walker v. Walker, 155 N. Y. 77, 80, 49 N. E. 663 (decided in 1898), and again in Livingston v. Livingston, 173 N. Y. 377, 380, 66 N. E. 123, 61 L. R. A. 800, 93 Am. St. Rep. 600 (decided in 1903), the Court of Appeals distinctly held that alimony granted in decrees, entered in 1891 and 1892, respectively, constituted a vested interest in favor of the wife, which could not be reduced by future legislation; and that Laws 1894, c. 728, Laws 1895, c. 891, and Laws 1900, c. 742 (being the present section 1759 of the Code), were ineffective to warrant the modification of such a decree.

There is nothing, therefore, in a decree for future alimony to differentiate it from any other decree, in so far as its finality may be concerned. In the case of Lynde v. Lynde, 162 N. Y. 405, 408, 418, 56 N. E. 979, 48 L. R. A. 679, 76 Am. St. Rep. 332, affirmed 181 U. S. 183, 21 Sup. Ct. 555, 45 L. Ed. 810, the decree of divorce upon which suit was brought in itself contained the reservation of the right to change the amount of future alimony. In the case of Israel v. Israel, 148 Fed. 576, 79 C. C. A. 32, 9 L. R. A. (N. S.) 1168, arising in Pennsylvania, upon facts similar to those of the Lynde Case, supra, it appears at page 577 of 148 Fed. (79 C. C. A. 32, 9 L. R. A. [N. S.]

1168), that that statute of New York, now in force, was put in evidence. The court, therefore, was properly made aware of the tentative character of the decree so far as it related to future alimony.

It remains, then, to consider whether we may indulge in any presumption that the law of the District of Columbia in respect of such decrees is the same as section 1759 of our Code. In the absence of proof of the law of any other state, there is no presumption that the statutes of this state are there in force. That presumption applies only to the common law. Vanderpoel v. Gorman, 140 N. Y. 563, 568, 35 N. E. 932, 24 L. R. A. 548, 37 Am. St. Rep. 601; First National Bank v. Broadway National Bank, 156 N. Y. 459, 472, 51 N. E. 398, 42 L. R. A. 139; Lewisohn v. Kent & Stanley Co., 87 Hun, 257, 260, 33 N. Y. Supp. 826. The jurisdiction of the courts of our state over the subject of divorce, however, is derived exclusively from statute (Walker v. Walker, supra); it having been repeatedly held that the colony did not take over the law of England, respecting divorce, as it existed at the time of the separation. See Gilbert on Domestic Relations (2d Ed.) p. 41, notes, and cases there cited.

Upon all these considerations, it appearing that the decree for alimony in the case at bar is final in form, and there being neither allegation in the complaint nor warranted presumption that such a decree is subject to modification, an action may properly be maintained in this state, based upon the decree, and the demurrer was, therefore, properly overruled.

Interlocutory judgment affirmed, with costs, with leave to defendant to answer within six days upon payment of costs in this court and in the court below. All concur.