# JOHN MAKAHIO *v.* KALEIONEHU MAKAHIO.

## APPEAL FROM CIRCUIT JUDGE, SECOND CIRCUIT.
## HON. S. B. KINGSBURY, JUDGE.

SUBMITTED DECEMBER 14, 1914.          DECIDED JANUARY 12, 1915.

ROBERTSON, C.J., WATSON, J., AND CIRCUIT JUDGE ASHFORD,
IN PLACE OF QUARLES, J., DISQUALIFIED.

DIVORCE—*cross-libel for separation—affirmative relief.*

Under Act 121, Laws of 1913, which provides that a cross-libel
may be filed in any action for divorce and affirmative relief
granted thereon as fully and effectually as in original petitions
for divorce, a cross-libel may be filed by the libellee in a divorce
action praying for a separation from libellant and in a proper
case the relief prayed may be awarded to the libellee upon such
cross-libel.

SAME—*public hearing.*

Under Sec. 2229, Revised Laws, providing that no divorce case
shall be heard except openly in the public court-rooms, while it
may in certain cases be proper to exclude from the court-room
persons of immature years, the circuit judge has no power to
hear a case except openly in the public court-room and the taking
of testimony by the judge in his private chambers behind closed
doors is error for which the case must be reversed.

### OPINION OF THE COURT BY WATSON, J.

This is an appeal from a decree made by the judge of the
second circuit court granting a separation to the libellee in the
above entitled cause upon the answer and cross-bill filed by her
to libellant's libel for divorce. On the 20th day of June, 1913,
John Makahio filed his libel praying for an absolute divorce
from his wife, Kaleionehu Makahio, on the ground of the habit-
ual intemperance of the libellee for a period of four years prior
to June 19, 1913. To this libel an answer and cross-bill was
filed by the libellee on the 2d day of August, 1913. In her
answer libellee admits her marriage to libellant, the jurisdic-

tion, and that there is no issue from said marriage. She further admits that during four years prior to June 19, 1913, she had been addicted to the use of strong spirituous liquors; that during said period she had on occasions been under the influence of liquor, which she alleges her husband compelled her to drink; and that he had been otherwise guilty of extreme cruelty towards her, said answer praying that libellant's libel be dismissed. Together with this answer libellee filed a cross-bill praying for a separation from the libellant on the grounds of (1) excessive and habitual ill-treatment; (2) habitual drunkenness; (3) neglect to provide the necessaries of life. Libellant filed a motion to strike libellee's cross-bill from the files on the ground that the court was without jurisdiction in the pending proceeding to grant a separation to libellee as prayed for in her said cross-bill. This motion was denied. The cases were tried together and were heard and finally submitted by both sides to the Honorable S. B. Kingsbury, the then judge of the circuit court of the second judicial circuit, on the 13th day of May, 1914, the court, at the close of the evidence on said last mentioned date, taking said causes under advisement. It appears from the transcript of evidence which is made a part of the record in this case on appeal, and also by the affidavit of Edmund H. Hart, Esq., clerk of the circuit court of the second judicial circuit, on file in this court, that the said judge before whom said causes were tried, after the same had been finally submitted by the parties and by him taken under advisement, on to wit, June '8, 1914, proceeded to reopen said causes in his private chambers by taking further evidence from the libellee herein, neither the libellant nor his attorney being notified of this proceeding and neither of them being present; that again, on the 9th day of June, 1914, the said judge, in his private office, in the absence of the parties hereto or their counsel, and behind closed doors, further reopened said causes for the taking of additional testimony and proceeded to examine certain witnesses who had been subpoenaed by the direction of said judge to

appear at said time and place and give their evidence. Neither of the parties hereto nor their respective attorneys were notified by the judge of his intention to reopen the causes for the taking of further evidence nor were said parties or their counsel given an opportunity to be present and examine or cross-examine such witnesses.

The circuit judge found the following facts: "That the * * * libellee had been in the habit of becoming intoxicated;" that she "was weak mentally and physically; * * * that the libellant had treated her with extreme cruelty, and that he was largely to blame for her use of intoxicating liquors. * * * That the libellant is not entitled to a divorce from the libellee and that justice and equity require that libellee be granted her petition of separation from bed and board from the libellant and a reasonable amount for her support;" and thereupon the circuit judge prepared and entered a decree "That the parties, John Makahio and Kaleionehu, are separated and the prayer of the libellee for separation is hereby granted." Provision is further made in the decree for the payment by libellant to libellee of the sum of $150 for her support pending the proceedings, alimony at the rate of $25 per month, and an additional fee of $25 to be paid to her attorney. From this decree libellant appeals. The case was submitted in this court on briefs and counsel for libellant here urges a number of reasons why the decree should be reversed. In the view we take of the case it is only necessary to discuss two of the points raised by counsel, viz: (1) that a separation cannot be granted to a libellee on an answer and cross-bill to libellant's libel for divorce; (2) that the hearing must be held openly in the public court-room.

In support of the first contention counsel relies on the case of *Lazarus* v. *Lazarus,* reported in 9 Haw. 350, where this court held that the statutes then in force concerning divorce and separation did not authorize the granting of a separation to a libellee on an answer and cross-bill to libellant's libel for divorce. This case was decided in 1894, and we think correctly interprets

the statutes as they existed at that time. By Act 121 of the Session Laws of 1913 it is provided, however, that "A cross-libel may be filed in ·any action for divorce 'and affirmative relief granted thereon as fully and effectually as in original petitions for divorce." Under this enactment we are of the opinion that a cross-libel may be filed by the libellee, in an action for divorce, praying for a separation from libellant, and that in a proper case the relief prayed may be awarded to the libellee upon such cross-bill. 7 Ency. Pl. & Pr. p. 99; 14 Cyc. p. 673.

As to the second point. Section 2229 of the Revised Laws provides that no divorce case shall be heard "except openly in the public court rooms." This provision of the statute is mandatory and one which the trial judge was not at liberty to disregard. Circuit judges have no power to hear divorce cases except openly in the public court-rooms and should never do so. "It may be wise, and, indeed, we think it right to exclude from such hearings persons of such immature years as in the judgment of the court should not be permitted to listen to the testimony, but that the general public cannot be excluded from such trials is clear." *Harkins* v. *Harkins* (Ia.), 99 N. W. 154. The action of the circuit judge in reopening this case and taking testimony in his private chambers behind closed doors was in utter disregard of the statute, and his misconduct in that regard was heightened by the fact that such proceedings were had without notice to the parties or their counsel and without giving them an opportunity to be present.

The decree appealed from is reversed and the cause remanded.

*W. F. Crockett* for libellant.

*E. Murphy* for libellee.