[No. 1910, September 5, 1916.v
## HODGES v. HODGES.

### SYLLABUS BY THE COURT.
1. Findings of fact by the trial court, when supported by substantial evidence, will not be disturbed in this court.

P. 194

2. Although a finding that the wife was the sole owner of furniture and household goods might not be strictly correct under the proofs, where the court has power to award a division of the common property, such error, if error it was, is not available to the husband.

P. 195

3. A motion to reopen a case for further proofs is addressed to the sound discretion of the court, which discretion will not ordinarily be reviewed.

P. 195

4. The ecclesiastical law of England in regard to marriage and divorce has never been adopted in its entirety in America. Only such portions thereof as have been formulated into statutes have been adopted, and such statutes form the sole basis of jurisdiction of the courts in this state. There is no power vested by statute in the courts of this state to award a limited divorce, or a legal separation, and hence no such power exists.

P. 195

Appeal from District Court, Torrance County; E. L. Medler, Judge.

Action by Dorothey May Hodges against W. K. Hodges. From a judgment for plaintiff, defendant appeals. Reversed and remanded in part.

F. FAIRCLOTH of Santa Rosa, for appellant.

The court erred in making certain findings.
14 Cyc. 687.

The finding that the wife was the owner of the furniture and household goods was contrary to the law of community property as defined in section 2764 to 2767, Code 1915.

The court had no power to decree a legal separation.
Weber v. Weber, 17 Pac. 866.

W. C. HEACOCK of Albuquerque and FRED H. AYERS of Estancia, for appellee.

Findings will not be disturbed if there is any substantial evidence to support them.

Richardson v. Pierce, 14 N. M. 334; Carpenter v. Lindeaur, 12 N. M. 388; Romero v. Coleman, 11 N. M. 533; Patterson v. Hewitt, 11 N. M. 1; Badaracco v. Badaracco, 10 N. M. 761.

## OPINION OF THE COURT.

PARKER, J.—This is an action for divorce upon the statutory ground that the defendant failed to support the plaintiff according to his means, station in life, and ability. The defendant answered, denying the allegations of the complaint as to non-support, and by way of cross-complaint charged the plaintiff with adultery. The court, upon conflicting evidence, found that the charges, of non-support set forth in the complaint were proven, and that the charge of adultery in the cross-complaint was not proven, but was false and untrue. The court also found that the defendant was the owner of certain town property and one cow. It also found that the plaintiff was the sole owner of all of the household goods and furniture purchased during the marriage community. The court thereupon decreed, instead of an absolute divorce, a legal separation of the parties; that the defendant was the owner of the real estate and the cow, heretofore mentioned; that the plaintiff was the sole owner of the furniture and household goods purchased during the marriage community; and that the defendant pay all costs of the proceeding, including an attorney's fee of $100. It was further decreed that the plaintiff have the use of said cow and of the house located upon the real property, free of rent, and that the defendant pay $15 per month to the plaintiff for support and alimony. The defendant brings the case here upon appeal.

[1] The first assignment of error is to the effect that the court erred in finding that the charge of adultery was not proven ,but was false and untrue. The second assignment is to the effect that the court erred in finding that the charge of non-support was proven. These two assignments are disposed of by the well-established rule in this jurisdiction that findings of fact, when supported by substantial evidence, will not be disturbed in this court.

An examination of the evidence upon which these two findings were made discloses a sharp conflict between the evidence for the respective parties, and we see no reason to disturb the findings.

[2] The third assignment of error is to the effect that the court erred in finding that the plaintiff is the sole owner of all the furniture and household goods purchased during the marriage community. Laying aside the question as to whether this finding was strictly correct under the proofs, it nevertheless remains true that the court had power to award to the wife a suitable portion of the common property of the community, or the separate property of the husband, and the decree awarding to her the furniture and household goods is to be sustained upon that ground. See section 2778, Code 1915.

[3] The fifth assignment of error is to the effect that the court erred in denying the defendant's motion to reopen the case and hear more testimony. This motion was filed 18 days after the rendition of the decree in the case. A motion to strike the motion from the files was interposed on the same day, on the ground that the defendant had failed, neglected, and refused, up to the date of the filing of his motion, to comply with the decree of the court to pay alimony, attorney's fees, or costs, as in the decree adjudged. The motion to reopen the case was thereupon overruled by the court. We see no objection to the action of the court in this regard. The opening of a decree, or the refusal of the same, is a matter resting in the sound judicial discretion of the trial court, and will not ordinarily be disturbed.

[4] The fourth assignment of error is to the effect that the court erred in decreeing a legal separation of the parties in view of the state of the pleadings. The complaint in the case did not ask, in terms, for a legal separation, but, on the other hand, asked for an absolute divorce. This raises the only point in the case requiring discussion.

A divorce a mensa et thoro originated with the ecclesiastical courts of England, and was, in fact, the only form of decree granted by those courts. In those courts the

relation of marriage was considered a sacrament, and was not to be dissolved except by order of the Pope. Accordingly, no absolute divorces were granted by the ecclesiastical courts. Great pressure was brought to bear upon the church to grant absolute divorces, and it yielded to the extent of granting divorces for what was known as canonical causes, such as precontract, consanguinity, affinity, impotency, and also for causes which rendered the marriage void, such as prior marriage, mental incapacity, want of age, want of due solemnization, and want of consent. These decrees were, in effect, decrees annulling the marriage, and were not decrees of dissolution. See 1 Nelson on Div. & Sep. § 9.

When the colonies separated from Great Britain, they kept so much of the common law as was suited to their condition. But they neither brought here nor kept the ecclesiastical courts, our institutions being founded upon an entirely different theory so far as the relations of church and state are concerned. Assuming that the ecclesiastical law was a part of the common law, as is commonly conceded, necessarily only so much of the same as was suited to our conditions was adopted here. There is much divergence of view as to how much, if any, of the ecclesiastical law was adopted in this country. One view is that no part of it was adopted; another is that all of it was adopted, but that it remained in abeyance until our courts were given jurisdiction of it; and another view is that our statutes are original provisions, incorporating portions of the ecclesiastical law, the remainder never becoming a part of our common law.

New York has taken the first view. Burtis v. Burtis, 1 Hopk. Ch. 557, 14 Am. Dec. 563; Perry v. Perry, 2 Paige, 501; Erkenbrach v. Erkenbrach, 96 N. Y. 456; Patton v. Patton, 67 Misc. Rep. 404, 123 N. Y. Supp. 329. In Williamson v. Williamson, 1 Johns. Ch. 488, Chancellor Kent takes a slightly different view. The same view as that taken in New York is taken in Wisconsin (Barker v. Dayton, 28 Wis. 367; Hopkins v. Hopkins, 39 Wis. 167), in Nebraska (Cizek v. Cizek, 69 Neb. 797, 96 N. W. 657, 99 N. W. 28, 5 Ann. Cas. 464), and

in North Dakota (State v. Templeton, 18 N. D. 525, 123 N. W. 283, 125 L. R. A. [N. S.] 234). See, also, Kenyon v. Kenyon, 3 Utah, 431, 24 Pac. 829. See, also, Hagle v. Hagle, 74 Cal. 608, 16 Pac. 518, and Reade v. Reade, 81 Cal. xix, 22 Pac. 284, for the same rule in California. See, also, 1 Nelson on Div. & Sep. § 10, for a discussion of this proposition.

In Massachusetts it is held that, when the Legislature adopted the divorce statutes and named the causes for divorce, it is presumed to have intended also to adopt the general principles of the ecclesiastical law, so far as applicable. But the subject of marriage and divorce is regulated entirely by statute. Robbins v. Robbins, 140 Mass. 528, 5 N. E. 837, 54 Am. Rep. 488.

Without pursuing this subject further we think it well established by the great weight of authority that the powers of courts in matrimonial matters in this country are to be determined entirely upon the terms of the statutes conferring the jurisdiction. These statutes necessarily embody many of the principles contained in the ecclesiastical law, and resort may be had to that law for definitions and interpretations of these statutes; but we cannot give our consent to the proposition that the ecclesiastical law, as a system of substantive and remedial law, has been bodily adopted in this country as a part of our common law, because many of its features are entirely inconsistent with our institutions, and many of its principles and doctrines are unsuited to American beliefs and practices.

We have, then, before us the proposition as to whether, in a suit for divorce upon the statutory ground of failure to support the plaintiff, the court has power to decree a divorce from bed and board, or a legal separation. We are compelled to hold that the court has no such power. The statute authorizes the court to award an absolute divorce or to refuse the same. It does not authorize any form of limited divorce. Such being the case, the decree of the court is erroneous in this particular.

The findings made by the court justify an absolute divorce in behalf of the plaintiff. The decree, therefore, in so far as it awards a limited divorce, will be reversed, and the cause remanded, with instructions to award a final decree in favor of the plaintiff as prayed for in the bill, without placing any restrictions upon the district court as to its action in regard to division of property and alimony between the parties, which is in the decree expressly reserved for further determination, and it is so ordered.

ROBERTS, C.J., and HANNA, J., concur