## IN THE MATTER OF THE APPLICATION OF HANNAH P. SPRINGER FOR A WRIT OF PROHIBITION DIRECTED TO THE HONORABLE J. W. THOMPSON, JUDGE OF THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT ÔF THE TERRITORY OF HAWAII, AND MALCOLM MORRIS SPRINGER.

### No. 1279.

### ORIGINAL.

SUBMITTED NOVEMBER 1, 1920.            DECIDED NOVEMBER 10, 1920.

### COKE, C. J., KEMP AND EDINGS, JJ.

STATUTES.

Section 2930 R. L. 1915 held to be a valid and subsisting statute..

DIVORCE.

The term "divorce" in its accurate sense denotes dissolution or suspension by law of the marital relation. The expression is broad and comprehensive and includes every kind of divorce recognized by the statutes of the Territory.

SAME—*cross-libel.*

Where a party sets in operation the machinery of the law for the purpose of obtaining a divorce, and without regard to whether the divorce sought be complete dissolution or merely suspension of the marital relations, the other party may interpose a cross-libel and have relief thereon as fully and effectually as in an original petition for divorce.

### OPINION OF THE COURT BY COKE, C. J.

In July, 1919, the petitioner Hannah P. Springer filed her complaint in the circuit court of the third judicial circuit against the respondent Malcolm M. Springer alleging that "the libellee for more than sixty days last past, to wit, since the 7th day of November, 1918, has wilfully

neglected to provide the said libellant the common necessaries of life, having the ability so to do, and has compelled libellant to live upon the charity of friends, notwithstanding libellee is abundantly able to support libellant and is in constant receipt of wages sufficient for their joint support, to wit, over two hundred dollars ($200.00) per month." The petitioner concluded her libel with a prayer for a decree against the respondent of separation from bed and board and for such other and further relief as to the court might seem proper. The respondent interposed a general denial and by way of further answer set up a cross-bill praying for an absolute divorce from petitioner. To the cross-bill Mrs. Springer interposed a general denial. Thereafter and to wit on the 27th day of September, 1919, the petitioner dismissed her complaint in the divorce action and moved the court for an order dismissing the cross-libel of the respondent. The circuit court refused to grant petitioner's motion to dismiss respondent's cross-libel whereupon the petitioner filed in this court her petition praying that an alternative writ of prohibition issue out of and under the seal of this court directed to the Honorable J. W. Thompson, judge of the circuit court of the third judicial circuit of the Territory of Hawaii, and to Malcolm M. Springer, commanding and directing them until the further order of this court to refrain and desist from proceeding herein and commanding said judge to refrain from taking jurisdiction of the cross-libel of Malcolm M. Springer for divorce filed as aforesaid. Pursuant to said petition an alternative writ of prohibition was issued out of this court. The respondent Thompson filed a return to the petition and upon the issues thus presented the cause is before us for determination.

The questions involved are two-fold. First it is contended by the petitioner that the circuit court is without jurisdiction for the reason that section 2930 R. L. 1915 is

a nullity, and second if the validity of section 2930 is sustained a cross-libel can only be filed in. an action for divorce from the bond of matrimony and not in an action of separation from bed and board.

The validity of section 2930 R. L. 1915 is attacked upon the ground that because when that section was originally passed by the legislature at its session in 1913 said statute was entitled "An Act to amend the Revised Laws of Hawaii by adding thereto a new section to be known as section 2930a" and that it therefore was in violation of section 45 of the Organic. Act of the Territory which requires that "each law shall embrace but one subject which shall be expressed in its title," the point being made that the subject is not expressed in the title of the act.

Under Act 11 S. L. 1913 the legislature created a compilation commission authorized to compile all the laws of the Territory of Hawaii as they existed following the adjournment of the legislature of that session. The commission thus created did compile the laws of the Territory and presented the result of its labors to the legislature at the 1915 session in the form now known as the Revised Laws of 1915. The legislature at that session by an act embracing but one, subject, which was expressed in its title, enacted into law the entire compilation prepared and presented by the compilation commission. The statute referred to is Act 7 S. L. 1915 which is entitled "An Act to Enact the Revised Laws of Hawaii of 1915," the first section of which is as follows: "Sections one to four thousand two hundred and twenty-five, both inclusive, set forth on pages ninety-one to one thousand four hundred and eighty-two, both inclusive, of the volume prepared by the commission appointed under the provisions of Act eleven of the Session Laws of the year one thousand nine hundred and thirteen, are hereby enacted as law, to take

effect on the approval of this Act, and the same shall ·be designated and cited as the Revised Laws of Hawaii 1915."

The statute now in question is included within the Revised Laws of 1915 and by virtue of the enactment of those laws at that session of the legislature its prior status ceased to be material to this inquiry.   The subject in all its phases is dealt with at length in the opinion of this court in *Re Tom Pong,* 17 Haw. 566.   With that opinion we are in entire accord and by the force of its reasoning the validity of section 2930 is upheld.

Having concluded that the section involved is a valid and subsisting statute we will pass on to the consideration of the second question presented which involves a construction of the rights conferred by section 2930.   This statute reads as follows:   "A cross-libel may be filed in any action for divorce and affirmative relief granted thereon as fully and effectually as in original petitions for divorce."

The petitioner contends that the term "divorce" as used in section 2930 has reference solely to a divorce from the bond of matrimony and therefore the statute does not authorize the interposition of a cross-libel in an action for separation.   In early times divorces were recognized to be of two sorts, that is to say, a divorce from the bond of matrimony, or in the latin form of expression, *a vinculo matrimonii;* second, the suspension divorce from bed and board, *a mensa et thoro,* sometimes called a separation, and later was added a third species, more accurately termed a sentence of nullity, which was properly designated as a divorce where the marriage was voidable but not void.   Of course where the marriage was absolutely void the term divorce could not properly be applied thereto because the marriage never had a legal existence and a divorce presupposes a prior marriage.   Our legislators

appear to have adopted the early day designations and the subject is treated in chapter 167 R. L. 1915 under "Annulment, Divorce, Separation." Section 2926 R. L. 1915 as amended specifies the ground upon which a divorce from the bond of matrimony may be granted and provides that if the party applying for a divorce shall not insist upon a divorce from the bond of matrimony a divorce only from bed and board shall be granted. Separation is dealt with under section 2944 R. L. 1915. It may be here stated that the separation contemplated in the last section quoted is in effect a divorce from bed and board. A decree rendered under that statute is a divorce *a mensa*. The term divorce in its accurate sense denotes dissolution or suspension by law of the marital relation. A separation as contemplated by section 2944 is a divorce in the sense the term is used in section 2930 and that section provides that a cross-libel may be filed in *any action* for divorce. This expression is broad and comprehensive and includes every kind of divorce recognized by the statutes of the Territory.

In *Makahio* v. *Makahio,* 22 Haw. 425, the libellant John Makahio filed a libel praying for an absolute divorce from his wife. To this, under the provisions of section 2930 R. L. 1915, Mrs. Makahio interposed a cross-libel for separation from the libellant on the grounds (1) excessive and habitual ill treatment; (2) habitual drunkenness, and (3) neglect to provide the necessaries of life. The libellant filed a motion to strike libellee's cross-bill from the files on the ground that the court was without jurisdiction in the proceedings then pending to grant the separation of libellee as prayed for in her said cross-bill. The trial court denied the motion. On appeal to this court, in response to the contention of counsel for Makahio to the effect that a separation cannot be granted to a libellee on a cross-bill to libellant's libel for divorce, the

court said: "By Act 121 of the Session Laws of 1913 (now section 2930 R. L. 1915) it is provided, however, that 'A cross-libel may be filed in any action for divorce and affirmative relief granted thereon as fully and effectually as in original petitions for divorce.' Under this enactment we are of the opinion that a cross-libel may be filed by the libellee, in an action for divorce, praying for a separation from libellant, and that in a proper case the relief prayed may be awarded to the libellee upon such cross-bill." The converse of this is likewise true. A cross-libel may be filed by a libellee in an action for separation praying for a divorce *a vinculo* from the libellant and a dismissal of the libel would not affect the status of the libellee's cause of action set forth in the cross-libel.

The statute referred to is one of convenience and expediency, its purpose being to afford means by which the marital differences between parties may be adjusted in one proceeding. Hence where one of the parties sets in operation the machinery of the law for the purpose of obtaining a divorce, and without regard to whether the divorce sought be complete dissolution or merely suspension of the marital relations, the other party may interpose a cross-libel and have relief thereon as fully and effectually as in an original petition for a divorce.

The writ is discharged.

*Peters & Smith* for petitioner.

*R. J. O'Brien* and *Russell & Patterson* for respondents.