## Y. ANDO *v.* TOMO ANDO.

### No. 1702.

RESERVED QUESTION FROM CIRCUIT JUDGE FIRST CIRCUIT. HON. J. R. DESHA, JUDGE.

SUBMITTED NOVEMBER 10, 1926.          DECIDED DECEMBER 3, 1926.

PERRY, C. J., BANKS AND PARSONS, JJ.

DIVORCE—*cross-libel—decree of limited divorce for adultery.*

> Under sections 2965 and 2969, R. L. 1925, in a cross-libel for divorce, the grounds among others being adultery, where the cross-libellant does not insist upon a divorce from the bond of matrimony, but requests only a divorce from bed and board, the court may, upon sufficient proof, decree the cross-libellant such limited divorce upon the ground of adultery alone.

STATUTES.

> In section 2965, R. L. 1925, the clause in paragraph "Second" beginning "But if the party applying for a divorce shall not insist upon a divorce from the bond of matrimony, a divorce only from bed and board shall be granted," held to apply to divorces upon the grounds set forth in paragraphs "First" and "Second."

OPINION OF THE COURT BY PARSONS, J.

In November, 1925, Y. Ando filed in the first circuit court of this Territory his libel praying for absolute

divorce against Tomo Ando upon the ground of extreme cruelty.

In her answer and cross-libel the libellee denied the allegations of cruelty on her part set forth in the libel and alleged (1) extreme cruelty of libellant toward herself and (2) adultery with a woman therein named.

In her prayer for relief the libellee and cross-libellant asked, among other things:

"(1) That the libel filed herein by the libellant, cross libellee, be dismissed;

"(2) That upon a full hearing hereof, an absolute divorce be granted cross libellant; * * *

"And for such other and further relief as to the court may seem meet and just in the premises."

At the hearing the circuit judge dismissed the libel and found that the proof tended "to show the commission of adultery by the libellant, cross libellee above named." The trial judge further certified: "And the libellee, cross-libellant above named, at the conclusion of taking of testimony, (in conformity with Section 2965 of the Revised Laws of Hawaii, 1925) not having insisted upon a divorce from the bond of matrimony but having requested a divorce only from bed and board, and the court being in doubt as to whether or not under such state of facts, proof admitted of the commission of adultery by libellant, cross-libellee, if believed by the court is ground for a divorce from bed and board, and believing that in the furtherance of justice and the more convenient and speedy determination of said cause, the question which has arisen should be reserved for consideration and determination by the supreme court of the Territory of Hawaii, the court hereby reserves for the consideration of said supreme court the following question:—

"May the court in a cross-libel for divorce, the grounds among others being adultery, where cross-libellant does

not insist upon a divorce from the bond of matrimony but
requests only a divorce from bed and board, grant such
latter divorce upon the ground of adultery alone?"

Section 2965, R. L. 1925, sets forth the grounds and
conditions upon which divorces from the bond of matri-
mony and from bed and board shall be granted as follows:

"Grounds for divorce.  Divorces from the bond of mat-
rimony shall be granted for the causes hereinafter set
forth and no other:

"First.  For adultery in either party; or for wilful and
utter desertion for the term of six months; or when either.
party is sentenced to imprisonment of life, or for seven
years or more, and no pardon granted to a party so sen-
tenced, after divorce, for such a cause, shall restore such
party to conjugal rights; for incurable insanity of either
party, where the same has existed for three years or
more; and when it is shown to the satisfaction of a
judge that either party has contracted the disease known
as leprosy.

"Second.  For extreme cruelty; habitual intemperance,
or when the husband, being of sufficient ability to pro-
vide suitable maintenance for his wife, neglects or refuses
to do so for a continuous period of not less than sixty
days.  But if the party applying for a divorce shall not
insist upon a divorce from the bond of matrimony, a
divorce only from bed and board shall be granted, and the
relations of the parties after such divorce shall be
regulated by the existing laws concerning separation."

A separate statute, section 2987, sets forth the grounds
for separation as follows:

"Grounds for separation.  A separation from bed and
board forever or for a limited time may be decreed by
any circuit judge, for any of the following causes:

"1.  For excessive and habitual ill-treatment of the
one party by the other.

"2.  For habitual drunkenness of either party.

"3.  For the refusal or neglect of the husband to pro-
vide his wife with the necessaries of life."

That the separation referred to in the section last
quoted is in effect a divorce from bed and board, that a

decree thereunder is a divorce *a mensa* and that the term
"divorce" is broad and comprehensive and includes every
kind of divorce recognized by the statutes of this Terri-
tory was decided by this court in the case of *Springer* v.
*Thompson,* 25 Haw. 638.

Briefly, the legislative history of sections 2965 and 2987
and other divorce provisions hereinafter named, with
omissions not material in the present inquiry, is as
follows:

In 1846 the grounds for divorce and separation in the
Kingdom of Hawaii were set forth in one statute which
provided:

"The governors shall have power to decree annulments
of the marriage contract between parties residing in their
respective islands, upon application, for the cause only of
adultery, as defined in the criminal code of this kingdom,
upon satisfactory proof that the party accused, since the
marriage was solemnized, had cohabited and had carnal
connexion with some third party.  The governors shall
also have power to decree a separation from bed and
board between natives legally married, and residing in
their respective islands; upon application of either party,
for any of the following causes appearing satisfactorily
to require such separation, viz:

"1.   For excessive and habitual ill treatment of the one
party by the other.

"2.   For habitual drunkenness.

"3.   For continued refusal of the husband to provide
his wife with the necessaries of life."   (Section 1 of
Article 2 of Chapter 4 of Part 1 of the Second Act of
Kamehameha the Third.)

In 1853 the Act last above referred to was expressly
repealed and a new Act was passed containing among
other things distinct provisions for divorce and separa-
tion.   These separate provisions with subsequent amend-
ments were later embodied in the Civil Code of 1859 as
sections 1323 and 1336 respectively.   Section 1323 of the
Civil Code was amended by Act approved June 22, 1868,

which added "Chinese leprosy" to the list of grounds upon which absolute divorce could be obtained.

Section 1323 of the Civil Code was expressly repealed by chapter 16 of the Session Laws of 1870, but section 1336 was not so repealed and was carried unchanged (except as to the tribunals authorized to decree' separation) into the subsequent statutory compilations and revisions.

The grounds for separation provided by section 2987 of the Revised Laws of 1925 quoted on page 2 of this opinion are the identical ones provided by the Session Laws of 1853, which appear in the Civil Code of 1859 as section 1336.

Section 1 of chapter 16 of the Session Laws of 1870 provided as follows:

"Section 1. Divorces from the bond of matrimony shall be granted for the causes hereinafter set forth, and no other.

"*First*—For adultery in either party, or for wilful and utter desertion for the term of three years, or when either party is sentenced to imprisonment for life, or for seven years or more, and no pardon granted to a party so sentenced, after divorce for such a cause, shall restore such party to conjugal rights; and when it is shown to the satisfaction of the court, that either party has con-tracted the disease known as Chinese leprosy, and is incapable of cure.

"*Second*—For extreme cruelty, habitual intemperance, or when the husband being of sufficient ability to provide suitable maintenance for his wife, neglects or refuses to do so. But if the party applying for a divorce, shall not insist upon a divorce from the bond of matrimony, a divorce only from bed and board shall be granted, and the relations of the parties after such divorce, shall be regulated by existing laws concerning separation."

The Act of 1870 appeared in later compilations and was amended in 1903, 1909, 1915 and 1919, appearing as

last amended in the revision of 1925 as section 2965 hereinabove quoted.

Section 8 of the provisions relating to divorce, on page 436 of the Compiled Laws of 1884, provided:

"If, after a full hearing, the court shall be of opinion that a divorce ought to be granted, either from the bonds of matrimony or from bed and board, an absolute decree shall be entered."

The foregoing provision as later amended appears as section 2977 of the Revised Laws of 1925.

Certain features of the statutes now under consideration have had judicial interpretation in the cases of *Lazarus* v. *Lazarus,* 9 Haw. 350; *Correra* v. *Correra,* 19 Haw. 326; *Makahio* v. *Makahio,* 22 Haw. 425, and *Springer* v. *Thompson,* 25 Haw. 638.

In 1894, in *Lazarus* v. *Lazarus, supra,* the supreme court said: "We are of the opinion, and so hold, that the court under the statute, would have no authority to order and decree a separation in favor of the respondent on the libellant's libel for divorce, but the court could order a separation in favor of the libellant, instead of a divorce as prayed for," citing page 434, Compiled Laws.

Since the date of the foregoing opinion in *Lazarus* v. *Lazarus,* the legislature by Act 121 of the Session Laws of 1913, now section 2969 of the Revised Laws of 1925, has provided:

"Cross-libel. A cross-libel may be filed in any action for divorce and affirmative relief granted thereon as fully and effectually as in original petitions for divorce."

*Lazarus* v. *Lazarus* is still authority for the proposition above quoted from the opinion of the supreme court by the late Mr. Justice Bickerton, but since the enactment of the 1913 statute above referred to it is no longer true that "the statutes concerning divorce and separation do not authorize the granting of a separation to the libellee on an answer and cross-bill to libellant's libel for divorce," as set forth in the head note of said case and

as stated in effect and in an abridged form in the annotations of subsequent revisions of the statutes.

The portion of the text of the opinion in *Lazarus* v. *Lazarus* above quoted is now equally applicable to a case upon cross-libel as it is to the libellant's case; and this in effect was the ruling of this court in *Makahio* v. *Makahio, supra,* wherein the justice writing the opinion of the court, referring to Act 121, S. L. 1913, said: "Under this enactment we are of the opinion that a cross-libel may be filed by the libellee, in an action for divorce, praying for a separation from libellant, and that in a proper case the relief prayed may be awarded to the libellee upon such cross-bill."

After quoting the portion of the opinion in *Makahio* v. *Makahio* above set forth, this court in *Springer* v. *Thompson, supra,* said: "The converse of this is likewise true. A cross-libel may be filed by a libellee in an action for separation praying for a divorce *a vinculo* from the libellant * * *.

"The statute referred to is one of convenience and expediency, its purpose being to afford means by which the marital differences between parties may be adjusted in one proceeding. Hence where one of the parties sets in operation the machinery of the law for the purpose of obtaining a divorce, and without regard to whether the divorce sought be complete dissolution or merely suspension of the marital relations, the other party may interpose a cross-libel and have relief thereon as fully and effectually as in an original petition for a divorce."

In 1909, in *Correra* v. *Correra, supra,* the supreme court in construing section 2237, R. L. 1905 (now Sec. 2979, R. L. 1925), held that in view of the provisions referred to in the opinion "failure to provide" is an offense amounting to adultery within the meaning of said section 2237 and that alimony could be allowed thereunder. Failure to provide, it will be noted, is one of the

grounds for divorce provided in paragraph numbered "second," while adultery is one of the grounds set forth in paragraph numbered "first" in section 2965 above quoted. For the purpose of allowing alimony the court made no distinction, because of statutory grouping, between an "offense" listed in the first paragraph and another in the second paragraph of said statute.

Summarizing the portions of the opinions in the four Hawaiian cases above set forth, judicial interpretation of the divorce statutes now under consideration has proceeded thus far, viz:

1. Upon libel for divorce (at least for habitual intemperance and extreme cruelty) the court may order separation in favor of the libellant.

2. Under section 2969, in an action for divorce a cross-libel may be filed by the libellee and affirmative relief granted thereon as fully and effectually as in the original petition.

3. The term "divorce" as used in the foregoing paragraph includes in its meaning divorces a vinculo, divorces a mensa et thoro and, under section 2987, separations from bed and board.

4. Upon libel for divorce, a cross-libellant may petition for, and upon proper proof be decreed, a separation; and the converse of this statement is likewise true.

5. Treating the grounds of divorce as offenses there is no distinction as to remedy (at least so far as the right to alimony is concerned) between the offense of adultery named in paragraph 1 and the offense of failure to provide named·in paragraph 2 of section 2965 of the Revised Laws.

Cross-libellee urges that the sentence in section 2965, Revised Laws, beginning "but if the party applying for a divorce shall not insist upon a divorce from the bond of matrimony," quoted in full at the beginning of this opinion, should be construed to refer only to the causes for divorce

set forth in the paragraph in which it occurs, viz., in the paragraph numbered "second." To justify such a construction there would have to be read into the statute after the word "divorce" where it first occurs in the sentence above referred to, the words "upon the grounds set forth in this paragraph," or words of like import. Nothing in the history of the Act, in former judicial interpretation of the same or in the rules of grammatical construction, requires or warrants the implication of the foregoing interpolation. The two paragraphs are introduced by a provision which applies to each, and they are followed by the clause beginning "but if the party" etc., as hereinabove quoted, which, in our opinion, also refers to each of said paragraphs. No reason is apparent for giving to the clause beginning as last above quoted any other or different interpretation than would be given to it if it were separately paragraphed or than if the words "first" and "second" were omitted and the grounds for divorce in section 2965 were all set forth in one paragraph.

We have examined the reports of *Stewart* v. *Stewart*, 105 Md. 297, 66 Atl. 16, and *Hodges* v. *Hodges* (New Mexico 1916), 159 Pac. 1007, cited in cross-libellant's brief, and they lead us to no other or different conclusion than that hereinabove set forth. The Maryland laws as shown in the report of the *Stewart* case contain separate sections with reference to divorces *a vinculo* and divorces *a mensa et thoro,* viz., sections 36 and 37 respectively. Quoting from the opinion in this case: "Section 36 of article 16 relates exclusively to the granting of decrees for divorce *a vinculo,* and enumerates the grounds upon which the statutory jurisdiction conferred may be exercised, but intimates no authority to grant such decree for any cause not enumerated in that section. Section 37 of article 16 relates exclusively to the granting of decrees *a mensa et thoro,* and enumerates the grounds upon which

that jurisdiction (which is also purely statutory) may be exercised, none of which causes would warrant a decree of divorce *a vinculo;* but it then proceeds to provide that 'the court may decree a divorce a mensa et thoro in cases where a divorce a vinculo is prayed, if the causes proved be sufficient to entitle the party to the same;' that is to say, if the causes or some of them proved, though not necessarily alleged, are such as warrant a decree a mensa et thoro, though the causes alleged as ground for a decree a vinculo, may not be established by proof. * * * This provision only dispenses with formal allegation in a bill for a decree a vinculo, of ground for a divorce that would warrant a decree a mensa et thoro, but permits the offer of proof of the latter ground, upon failure of proof of the former, and bases the decree upon the actual proof, thus confining the exercise of jurisdiction to the special statutory ground named in the statute." In the foregoing case the Maryland court, for reasons which do not apply in the case at bar, held that a bill praying for divorce *a mensa et thoro* on the ground of adultery alone is insufficient.

In the report of the *Hodges* case is distinctly set forth the fact that the courts of New Mexico are vested with jurisdiction to grant but one kind of divorce, viz., *a vinculo.* In view of this condition the appellate court held that the trial court was without jurisdiction to grant a limited divorce.

The Maryland and New Mexico statutes on the subject of divorce as above set forth are so different from those of Hawaii that the opinions in the *Stewart* and *Hodges* cases are not helpful in the present instance.

For the reasons above set forth the reserved question is answered in the affirmative.

*Ulrich & Hite* for libellant (cross-libellee).

*Thompson, Cathcart & Beebe* and *J. D. Flint* for libellee (cross-libellant).